Eno agt. Crooke.

---

## SUPREME COURT.

### ENO agt. CROOKE.

Where a judgment entered at special term, is appealeᴅ to the general term, and is there affirmed; a *new judgment* should *not* be entered. The simple judgment of affirmance, with the award of costs (if any) should be attached to the original judgment roll. It is improper to enter up two judgments in the *same court*, for the same demand.

*It seems*, that the old practice of entering a new judgment upon an appeal, will still apply, where the appeal is brought from a judgment of an *inferior court* to the Supreme Court.

*Dutchess Special Term, March* 1852. *Motion to set aside judgment for irregularity.* On the 28th June 1851, judgment

was entered for the plaintiff on the direction of a single judge, for $2324·20.   The defendant appealed to the general term, but without obtaining a stay of proceedings.   The judgment was affirmed at the general term in January 1852.   The plaintiff thereupon entered up judgment for $2469·95, being the amount of the original judgment and of the costs of the appeal, including $94·90 interest on the original judgment, allowed as part of the costs.   The defendant now moves to set aside or reduce the amount of the last judgment.

> WM. ENO, *in Person.*
>
> JAS. L. CAMPBELL, *for Defendant.*

BARCULO, Justice.—Under the old system when a judgment brought into this court from an inferior court, by writ of error, was affirmed, a new judgment was entered in this court embracing the former as well as the costs and damages awarded on the writ of error.   But that practice was founded upon the theory that the cause was taken from the court below, and remained thereafter in the Supreme Court.   Hence execution was issued from the latter court, and other proceedings supplementary, were based upon the last judgment.   That practice is perhaps still applicable to appeals from inferior courts to the Supreme Court; and has probably misled the plaintiff in this case.

But the reason of the rule does not apply to appeals from a judgment entered on the direction of a single judge, to the general term.   For here both judgments are in the same court; and there is an obvious impropriety in entering up two judgments in the same court for the same demand.   On affirming such a judgment at the general term the court does not direct a new judgment to be entered for the original claim; but it simply declares that it is satisfied to let the former judgment stand and therefore simply *affirms* it.   This is all that the entry of judgment should contain, unless costs are awarded, in which case it should adjudge the costs as adjusted to the prevailing party.

In the present case the plaintiff has proceeded as if he supposed the former judgment was vacated.   He has, therefore, entered up a new judgment, composed of the amount of the first, increased by the interest and costs of appeal.   But the first judg-

ment is not vacated; and it would be highly prejudicial to plaintiffs' in many cases, if a judgment was vacated by an appeal; as it would destroy the lien, which had been obtained. The judgment on appeal should have merely stated, after reciting the appeal, *that the decision of the court thereupon had been filed, whereby the said judgment was in all things affirmed;* and that the court adjudged that the plaintiff recover of the defendant fifty dollars and eighty-five cents for his costs and disbursements upon the said appeal. Mr. MONELL has correctly stated the practice in his treatise (*Monell's Pr.* 286, *and forms No.* 106 *and* 107).

The execution will follow the judgment and direct the collection of the original judgment out of the lands, &c. belonging to the defendant when it was docketed, and may also direct the collection of *the amount of costs awarded on the appeal,* or a separate execution may be issued therefor.

I am apprehensive that considerable irregularity prevails in entering judgments in some of the clerks' offices. From a cursory examination of the books in one of the offices in relation to this case, I found the judgments on appeal frequently entered as this was. In one instance I found *three* judgments for the same sum; one rendered at the special term, one at the general term, and one, on affirmance by the Court of Appeals. Thus, for a claim of about two thousand dollars, judgments are entered up for six thousand with the accumulation of costs and interest. Now, suppose the plaintiff wishes to reach the defendant's lands lying in a distant county, upon which of the judgments would he issue execution? If he issued it upon the last he must abandon the lien acquired by the first; and, if he proceeds upon the first, he does not obtain the costs of the two appeals: and, if upon all three, then he collects nearly three times as much as he is entitled to. If, however, the second judgment had merely awarded the costs of the appeal to the general term, and the third, the costs in the Court of Appeals, the three judgments would express the true aggregate amount and could all be plainly included in one execution.

The only plausible objection which has been presented to my mind to this view of the practice arises out of the forms prescribed for appealing to the Court of Appeals. It is urged that

if the judgment of affirmance merely awards the costs, an appeal from that judgment to the court of last resort, will not remove the original judgment, nor will the security given stay proceedings thereon. It must be admitted that the provisions of the Code, in this respect, as well as many others, might have been more explicit and intelligent; but still, I think, there is no real difficult in obtaining the benefits of an appeal. The judgment of affirmance is, or should be, attached to the original judgment roll; so that an appeal from the former, must carry up the whole case, and security can be given to cover the whole judgment, and a stay of execution be obtained. At all events the difficulty, if any, is as great where the judgment of affirmance is entered in the form adopted by the plaintiff in this case, as it is where there is a simple affirmance; for in either case the first judgment stands open upon the record. The idea that an appeal vacates the former judgment has no foundation in any principle applicable to the subject; and is inconsistent with section 282, which provides for a suspension of the lien of a judgment during the pendency of an appeal.

The judgment entered in this case, on affirmance, must be set aside, with leave to the plaintiff to enter up a judgment in accordance with the foregoing views. Neither party is to have costs of this motion.