## Eno *against* Crooke.

*Assignment of judgment; presumption as to sufficiency of consideration; transfers by bank.*

The Farmers' and Manufacturers' Bank held two judgments for $1,000 and upwards each — one against the defendant, the other against one Cyrus M. Smith, recovered upon certain promissory notes upon which the defendant was maker, and Smith indorser.

This action was brought upon the judgment recovered by the bank against the defendant; and upon the trial it appeared that the judgment against Smith had been collected by the bank out of the property of Smith;

and that at his request, the bank had assigned the judgment against the defendant to one Bonesteel; but the written assignment was not produced, and its terms in no way appeared; nor was there any evidence as to the nature of, or the consideration for the assignment as between Smith and Bonesteel.

Bonesteel became insolvent, and made a general assignment of his property to the plaintiff and one Ruggles, in trust for the benefit of his creditors. Ruggles died, and the plaintiff brought this action as survivor.

It was *held*, that in the absence of all proof on the subject, it was to be presumed that the assignment to Bonesteel was made upon a sufficient consideration, and was intended to vest the title in him for his own benefit, and not as trustee for Smith; and that the burden rested upon the defendant of showing a contrary understanding between Bonesteel and Smith, if any such existed.

*Held*, also, that as the bank had no beneficial interest in the judgment in suit after the payment of the judgment against Smith, its assignment of the former to Bonesteel was not within the provision of the Revised Statutes, which prohibits the transfer by a bank of any portion of its effects exceeding one thousand dollars in value, without a resolution of the board of directors. (1 R. S. 591, § 8.)

(S. C., 6 How. Pr. 462; 10 N. Y. 60.)