## HALSEY a. FLINT.

*Supreme Court, First District; General Term, Nov.,* 1860.

SECURITY ON APPEAL FROM DECISION OF JUDGE.—JUDGMENT OF AFFIRMANCE.—LIABILITY OF SURETIES IN UNDERTAKING.— NEW TRIAL.—TENDER.

On an appeal to the general term, from a judgment entered upon the direction of a single judge, no security is required, unless the object is to stay proceedings : and for that purpose security must be given, both to pay all costs and damages, which may be awarded against the appellant, not exceeding $250; and to pay the amount appealed from, if affirmed, or such part as may be affirmed, and all damages which may be awarded against the appellant, on the appeal.*

Of the cases in which the objection that the undertaking is insufficient, may be deemed waived by the silence of the respondent in respect to it.

---

* In the case of WATT a. WATT (*Supreme Court, First District; Special Term, April,* 1859), it was *Held,* that where a judgment from which an appeal is taken to the Court of Appeals directs the sale of real property, the court has not discretionary power to allow a stay of proceedings (in favor of an appellant, proceeding in his own right), except on an undertaking not to commit waste, &c., and to pay for use and occupation on affirmance, as well as to pay costs and damages awarded on the appeal. The only power of the court is to limit the security to $50,000.

The action was by James Watt against Archibald Watt.

The judgment from which the defendant appealed to the Court of Appeals, directed a sale of real property ; and he now moved for a stay of proceedings upon a proposed undertaking.

*A. E. Coren,* for the motion.

*D. D. Lord,* opposed.

DAVIES, J.—The appeal in this case is upon a decree at special term, directing the sale of real property. The appellants desire a stay of proceedings on an undertaking, executed by two sureties, that " they will pay all costs and damages which may be awarded against them on said appeal, not exceeding $250."

Section 338 of the Code provides, in a case like this, that the proceedings on the

A judgment of affirmance must not embrace any sum secured by the judgment appealed from.

A recovery against the sureties in an undertaking to pay all costs and damages which may be awarded against an appellant, cannot be sustained where the judgment of affirmance with which they are charged by such recovery includes, besides costs, interest on the judgment appealed from, and this fact appears on the trial of the action against the sureties.

In general, where a judgment is reversed on appeal, a new trial should be awarded.

On a tender, by sureties in an undertaking on appeal, of costs with which they are chargeable, the amount must be brought into court, and left in the power of the party to whom it is due, in order to make the tender equivalent to payment.

This was an appeal from a judgment at the circuit.

The action was brought by William Halsey against Adolphus W. Flint and Josiah Simpson, upon an undertaking which

---

judgment shall not be stayed, unless a written undertaking shall be executed on the part of the appellant, with two sureties, to the effect that during the possession of the property by the appellant, he will not commit or suffer to be committed any waste thereon; and that if the judgment be affirmed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment : and when the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking shall also provide for the payment of such deficiency.

The sum to be named in the undertaking must be fixed by a judge of this court.

The only discretion given to the court in reference to this subject, is that conferred by section 339, which authorizes the court to limit the security to an amount not less than $50,000, when, in pursuance of the previous section, 338, it would exceed that sum.

It is quite clear that the undertaking now presented does not at all conform to this section of the Code, and does not authorize the stay of proceedings asked for.

It must be an undertaking such as is provided by section 338 ; and for the purpose of fixing the sum to be inserted in the undertaking, a reference is ordered to Judge Cowles, to ascertain the proper sum to be named therein, conformable to these provisions. If the sum should exceed $50,000, it is in the power of the court, on good cause shown, to reduce the amount to that sum. That is the extent of the discretion vested in the court.

---

In the case of GRISWOLD *a.* FOWLER (decided by the same court, at about the same time), it was *Held* that the court could not require a purchaser at a judicial sale, appealing to the Court of Appeals from an order requiring him to complete his purchase, to give additional security to that prescribed by section 334 of the Code, viz., to pay costs and damages not exceeding $250. That is the only security required by the Code to be given to stay proceedings, except in the cases provided by sections 335-339, and 340, and the court has not the power to require more.

the defendants, as sureties, had given upon an appeal in another action.

The facts appear in the opinion of the court.

*S. B. Cushing,* for the plaintiff.

*John Sherwood,* for the defendants.

By the Court.*—Hogeboom, J.—It is very doubtful whether the undertaking on which the defendant is sought to be made liable, is of any validity. The appeal was to the general term, from a judgment entered upon the direction of a single judge. In such cases security is not required, and, I think, not authorized, unless the object be to stay proceedings. (*Code,* § 348; Parsons *a.* Suydam, 4 *Abbotts' Pr.,* 134; Staring *a.* Jones, 13 *How. Pr.,* 423.) When a stay of proceedings is desired, security must be given, as upon an appeal to the Court of Appeals (§ 348). This means such security as, upon an appeal to the Court of Appeals, is required to obtain a stay of proceedings. To obtain such a stay the appellant must give two undertakings (or embody the substance of both in one), to wit: one to pay all costs and damages which may be awarded against the appellant, not exceeding $250 (§ 334); the other to pay the amount of the judgment appealed from, if affirmed, or such part thereof as shall be affirmed, and all damages which shall be awarded against the appellant upon the appeal (§ 335). This latter undertaking was not given in this case; but the former was, and only the former. The proceedings, therefore, were not stayed thereby, so as to prevent the respondent from proceeding to enforce his judgment, unless the undertaking, though insufficient in amount, was designed as a stay of proceedings, and was accepted as such by the respondent, or the objections thereto waived.

We are not informed by the case whether, in point of fact, no further proceedings were had upon the judgment, after this undertaking was given, and we are, therefore, without the means of determining whether it was designed as a stay. The probability would seem to be that it was not, but was executed in conformity with a notion, somewhat prevalent at one time, that

* Present, Sutherland, Bonney, and Hogeboom, JJ.

in analogy to an appeal to the Court of Appeals, it was essential to execute such an undertaking to render the appeal effectual for any purpose. It is not probable, therefore, that it was understood on either side as designed to effect a stay of proceedings. But assume that it was so intended, it was legally inoperative for such a purpose; and the question is, was the respondent bound by it as such, if he did not object to its sufficiency by notice or otherwise, within a reasonable time, or proceed to the execution of his judgment with such promptness as evinced his determination to disregard the attempted stay. I am inclined to think that if it were obvious that the undertaking was intended as a stay of proceedings, and was defective only in some slight particular, the omission to object to it, or to disregard it until after judgment in the appellate court, would be regarded as tantamount to an acceptance of the undertaking as a stay of proceedings, and that both parties would be bound by it as such. But there are several objections to the application of such a rule in this case. 1. It does not sufficiently resemble an undertaking designed for a stay of proceedings; and it is not sufficiently obvious that it was intended for such a purpose, to justify us in imputing that object to it. 2. There is no evidence before us whether the respondent treated it as intended for, or effectual to procure, a stay of proceedings; or whether he did or did not object to or disregard it. 3. In this case the rights of sureties intervene; and they are not to be held beyond the fair scope and intent of their undertaking. And it is, at least, doubtful whether they ought to be bound by an undertaking unauthorized for the mere purpose of an appeal, and wholly ineffectual for the purpose of procuring a stay of proceedings, and entirely dissimilar to an undertaking adapted to effect such an object.

It may, therefore, well be doubted whether the undertaking has any legal efficacy. But, without expressly determining that question, I think there is another, upon which it is clear that the judgment should be reversed.

The undertaking is, that the appellant will pay all costs and damages which may be awarded against him upon the appeal. The judge, at the circuit, allowed the respondent to recover, not only all costs and disbursements proper, as adjusted, amounting to $50.47, but also $166.78, being for interest upon the judg-

ment of the court below. There can be but little doubt that this was erroneous. Interest upon the original judgment does not properly come into the judgment of affirmance. The latter should embrace only the costs and disbursements on the appeal, and the damages, specially awarded as such by the appellate court. Interest upon the first judgment is recoverable by a direction to collect it upon the execution issued upon that judgment. To allow the judgment of affirmance to embrace the amount of the original judgment, would be to allow two judgments for the same debt—might, in some cases, oppressively accumulate interest—and would lead to an onerous and unnecessary multiplication of liens upon the debtor's property. Hence it has become the established practice, and is settled by the Court of Appeals as the only proper practice, to exclude from the judgment of affirmance all sums and amounts secured by the judgment in the court below. (Eno *a*. Crooke, 6 *How. Pr.*, 462; De Agreda *a*. Mantel, 1 *Abbotts' Pr.*, 130.) The only doubt I have had upon this part of the case is, whether, inasmuch as the undertaking is to pay all costs and damages awarded against the appellant on the appeal, and inasmuch as the judgment-roll on the appeal embraces not only the $50.47 costs proper, but also the interest of $166.78—in the total of $217.26 —characterizing them by the name of "two hundred and seventeen dollars and twenty-six cents, costs and disbursements," it was competent even for the sureties in an action upon the undertaking to dispute the verity and conclusiveness of the judgment-record upon that point, and whether they were not driven to a motion in their own names, or in the name of the defendant in that suit, to amend the record. But inasmuch as the judge at the circuit allowed the evidence as to the items which made up this amount of $217.26 to come in, and as thereby it appears that the costs proper were $50.47, and it does not even appear that the clerk, on adjustment, included the item of $166.78 for interest, in the amount of costs adjusted, and therefore the authority for incorporating it in the judgment is not shown; and inasmuch as the judge at the trial expressly finds that the sum of $166.78 was included in the judgment on appeal, as interest upon the amount of the original judgment, and that this was legally recoverable—to which an exception was taken,—I think we are warranted in assuming that that ques-

tion is properly before us.   And for the error in including that amount in the judgment appealed from, I think the judgment should be reversed.

The appellant contends that not only should the judgment be reversed, but, as all the facts are before the court, judgment absolute should be given for the defendant, with costs.   This practice has been sometimes pursued where it is obvious all the facts are before the court, and where the appellate court is authorized to pronounce such judgment as the court below should have done.   (Edmonston *a.* McLoud, 16 *N. Y.*, 543.) But in general, where a judgment is reversed a new trial should be awarded, and in most cases it is imperatively necessary for the attainment of justice.

In this case it is the only proper course.   The amount of costs on the appeal was not, in fact, paid, it was only tendered ; and to render such tender effectual as, or equivalent to, a payment, it must be brought into court and left in the power of the party to whom the tender was made.   (Sheriden *a.* Smith, 2 *Hill,* 538 ; Livingston *a.* Harrison, 2 *E. D. Smith,* 197.) There is no evidence in the case that this was done, and, therefore, it may be that the defendant is liable on the undertaking for the amount of the costs on the appeal.

The proper disposition of the case is, that the judgment of the Circuit Court be reversed, and that a new trial be granted, with costs to abide the event.