BEARDSLEY SCYTHE COMPANY, Appellant, v. JOHN C. FOSTER, Respondent.

The interposition of the court cannot be invoked by a mere volunteer, to affirm and enforce a contract which was not made for his benefit, and to which he was neither party nor privy.

To sustain an action in the nature of a creditor's bill, it must appear that the condition of the statute has been complied with, by exhausting the usual remedy at law.

It is improper to embrace in a judgment of affirmance, costs already included in the previous judgment, but the error should be corrected on motion in the court below.

APPEAL from the Supreme Court. The action was for equitable relief; and on the hearing, the referee dismissed the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The judgment was affirmed at General Term in the seventh judicial district, the opinion of the court being delivered by Mr. Justice JOHNSON.

The complaint, in substance, alleges the following facts:

In 1857, and the early part of 1858, William H. Osborn and George Clow were partners in the business of manufacturing grain cradles at Port Byron, conducting it under the firm name of George Clow & Co. They became indebted to the plaintiff in the sum of $2,203.34. Afterward, and on the 11th of May, 1858, the partnership was dissolved; and, in consideration, among other things, of Osborn's paying the debts of the firm, Clow transferred to him his interest in its assets. In consequence of this arrangement, Osborn became so much involved, as to be unable to pay or secure the liabilities so assumed. He made a statement of his affairs to the defendant, who proposed the following arrangement, with a view of postponing the claims of the creditors: that Osborn should execute a bill of sale to him of the property and credits of the late firm; that the defendant should redeliver the accounts and notes to Osborn for collection; that the latter should go on manufacturing until the property

and credits were converted into money; that, with the avails, Osborn should *be at liberty* to pay up the liabilities of the late firm on such terms as he could obtain; that the excess of the avails, beyond the amount required for that purpose, Osborn should invest as his share in a proposed partnership between him and the defendant, in the milling and lumber business; that except for the purpose of postponing the cred- itors of the late firm, its assets were to remain the property of Osborn, and the business of manufacturing should be con- tinued at his expense and for his benefit, though in the name of the defendant.

Osborn acceded to this arrangement, and, in pursuance of it, the defendant received a bill of sale, and took posses- sion of the assets of the late firm, inventoried at $4,400, together with individual notes and accounts due to Osborn, amounting to about $240.

In violation of this understanding and agreement, the defendant unjustly refuses to deliver up to Osborn the notes and accounts which belong to him, and has unlawfully converted them to his own use.

On the 15th of October, 1858, the plaintiff obtained a judgment against Osborn, by confession, for $2,209.93, being the amount of the company's demands against George Clow & Co.

On the 25th of the same month an execution was issued to the sheriff of Cayuga, the county in which Osborn resided, and he collected thereon the sum of $175.64; and the balance still remains due from Osborn or Clow & Co. He and they are bankrupt, and unable to pay any portion of the claim.

The defendant has the property transferred to him, or its proceeds, and refuses to pay any thing either to Osborn or his creditors.

The complaint concludes with a demand that the defend- ant be required to render an account of the property and its proceeds, and to deliver the same over to a receiver, to the end that it may be applied in payment of the debts to the creditors of the late firm of George Clow & Co.

*Finlay M. King*, for the appellant.

*Amasa J. Parker*, for the respondent.

PORTER, J.  The referee was right in holding that upon the facts alleged the defendant was entitled to judgment.  The plaintiff was not in a position to affirm and enforce a contract which was not made for his benefit, and to which he was neither party nor privy.  It does not appear that he succeeded in any way to the rights of Osborn, and he cannot assert the claims of the latter to redress for the wrongs he imputes to the defendant.  He does not demand a judgment declaring the invalidity of the transfer from Osborn to Foster, nor does he allege a state of facts entitling him to that relief.  His remedy at law is not exhausted, and his execution is unreturned.  The complaint cannot be sustained on the footing of a creditor's bill; and, assuming all the allegations to be true, no cause of action results in favor of the plaintiff.  He is not relieved by the alleged insolvency of the debtor from the necessity of complying with the condition of the statute, if he would impeach the transfer as fraudulent. (*Crippin* v. *Hudson*, 13 N. Y., 135; *Dunleavy* v. *Tallmadge*, 32 id., 461.)

A reversal is claimed on the further ground that the costs awarded at Special Term are embraced in the record of judgment on affirmance at the General Term.  This was clearly improper; but the correction should be made on motion in the court below, after the record is remitted.

The judgment should be affirmed, with costs.

BOCKES, J.  Appeal from the judgment of the General Term of the Supreme Court, affirming a judgment directed by a referee.

The action was put at issue and referred to a referee to hear and determine.  When the case was brought on for trial the objection was raised that the complaint did not state facts sufficient to constitute a cause of action.  The referee sustained the objection and dismissed the complaint.  On appeal,

the General Term affirmed the judgment. Thereupon the plaintiff appealed to this court.

The complaint is most singularly and inartificially drawn. It is difficult to surmise, and impossible clearly to perceive, what theory of action the pleader entertained and endeavored to present by the pleading. It is entirely defective as a creditor's bill to reach property fraudulently transferred, and equally so if the action was intended to enforce performance of the agreement set out, and which was evidently supposed to confer upon the plaintiff a right of action.

The complaint states that the plaintiff recovered a judgment in the Supreme Court against one Wm. H. Osborn, for $2,209.93, on a demand originally incurred by the firm of " George Clow. & Co.," which firm consisted of George Clow and said Osborn ; that execution on such judgment was issued and returned unsatisfied, except for the sum of $175.64, and that the balance remained unpaid ; that both Osborn and Clow were insolvent.

It is also averred that the defendant became possessed of the chattels, property and choses in action of Osborn, which originally belonged to the firm of "George Clow & Co.," under a bill of sale from Osborn, coupled with an agreement having for its object the hindering and delaying of the creditors of the firm, to the effect that the same should be converted into money and applied by Osborn to the payment of the liabilities of " George Clow & Co.," and whatever excess should remain was to form and constitute a partnership fund between Osborn and the defendant, in a new business, in which they proposed to engage. The further averment is that the defendant, having so become possessed of such property under this agreement, in violation thereof retained the possession of the same and converted it to his own use.

The prayer is that the defendant may be compelled to account for the property and its avails, which came to his hands under the agreement, to the end that the same might be applied in satisfaction of the plaintiff's claim. General relief is also demanded.

The complaint is radically defective as a creditor's bill to set aside the sale and transfer from Osborn to the defendant. It does not appear that the plaintiff has exhausted its remedy at law against Osborn, the judgment debtor, inasmuch as it is not averred that an execution was returned unsatisfied in whole or part. This is essential to jurisdiction in this class of actions. (*Crippin* v. *Hudson*, 13 N. Y., 161; *Forbes* v. *Waller*, 25 id., 430, 434; *Dunleavy* v. *Tallmadge*, 32 id., 457.) See remarks by Judge WRIGHT in the cases cited and authorities there given. It is averred that an execution issued, and that $175.64 were made thereon, and that the balance of the judgment remains unpaid. But it is not averred that the execution had been returned. This omission was a fatal defect to the statement of a cause of action in the nature of a creditor's bill. Nor was this defect cured by the allegation that both Osborn and Clow were insolvent.

It was said in *McElwaine* v. *Willis* (9 Wend., 548) that the actual return of an execution unsatisfied was essential to the maintenance of such a bill, both before and under the Revised Statutes, and that the place of such averment could not be supplied by an allegation of a total want of property. This remark received approval in this court in *Crippin* v. *Hudson* (13 N. Y., 161, 165), where it was said that the same rule obtained since the adoption of the Code.

An action in equity may be maintained in aid of an execution, without its return, when there has been an actual levy, with a view to remove fraudulent claims upon the property levied on. But such is not this case. No such relief is demanded, nor are these facts alleged on which it could be claimed.

Neither is it directly averred that the arrangement between Osborn and the defendant, and the transfer of the property to the latter, were made with intent to hinder, delay and defraud the creditors of Osborn, and, therefore, void. True, it is stated in one part of the complaint that the defendant *proposed* to Osborn that the payment of his liabilities might be postponed and delayed; and that his creditors, and those of "George Clow & Co.," might be kept off and delayed in

the enforcement of their demands by the "*plan*" therein (and hereinabove) set out, to which proposition and " plan" Osborn agreed; and, in another part, it is stated "that, except for the purpose of putting off or hindering and delaying the creditors of the said "George Clow & Co.," the aforesaid notes and property were to remain the property and effects of said Osborn. But there is nowhere a direct averment that the sale and transfer by Osborn to the defendant was with intent to hinder, delay and defraud creditors, and, therefore, void. Such an averment would be contrary to the general scope and tenor of the complaint. It is entirely plain, I think, that the pleader did not count on the invalidity of the contract between Osborn and the defendant, but, rather on its validity and breach. The theory of the complaint, if, indeed, it has any, is to enforce it. And, again, as an action to reach property fraudulently disposed of by Osborn, he was a necessary party, in the absence of all excuse for the omission. (*Lawrence* v. *Bank of the Republic*, 35 N. Y., 320-24.) Perhaps this objection should be deemed to have been waived by the defendant, pursuant to section 148 of the Code, because not taken either by demurrer or answer. But it is unnecessary to consider this point at all, as it is very clear that, for other reasons above given, the complaint is fatally defective as a creditor's bill, and to reach property fraudulently transferred by Osborn to the defendant.

The action, however, was brought very evidently to enforce the agreement made between Osborn and the defendant set out in the pleading. In this view can the action be maintained on the facts stated? It is very obvious that it cannot be. The plaintiff shows no right to the contract or to its enforcement. As the agreement is stated in the complaint, there was no promise even on the part of the defendant to pay the plaintiff's claim. It was well said in the court below that the plaintiff shows no right to enforce contracts between Osborn and the defendant. The scythe company was not, either in fact or in law, the assignee or owner of the contract, nor of any claim or right under it; and of course had no right to demand its performance.

The dismissal of the complaint was obviously correct.

It is suggested that the judgment entered on the decision of the General Term is erroneous for the reason that it includes the general costs of the action embraced in the judgment directed by the referee, as well as the costs of the appeal.

As a matter of practice this was clearly erroneous. It has long been the settled practice to enter judgment for the costs of the appeal only in the judgment of affirmance. Indeed an order of affirmance gives a right of recovery only for the costs of appeal; and no new judgment for a recovery against the party should be entered except for those costs.

This was decided in *Eno* v. *Crooke* (6 How. Pr., 462). It was there correctly stated that there was an obvious impropriety in entering up two judgments in the same court for the same demand — " that on affirming a judgment at General Term, the court does not direct a new judgment to be entered for the original claim; but it simply declares that it is satisfied to let the former judgment stand, and therefore simply affirms it. This is all that the entry of judgment should contain, unless costs are awarded, in which case it should adjudge the costs to the prevailing party." Such was held to be the correct practice by the Superior Court of the city of New York, in *De Aquda* v. *Mantel* (1 Abbott, 130), decided at General Term of that court. In that case the judgment of affirmance included the former recovery. The court held that this was error in practice, and directed the second judgment to be vacated, except for the costs awarded to the appellant. This question of practice was again under consideration in the Supreme Court in *Halsey* v. *Flint* (15 Abbott, 367).

The judgment included the interest upon the judgment which was affirmed. The court at General Term held that such interest did not properly come into the judgment of affirmance. It was here said that, " to allow the judgment of affirmance to embrace the amount of the original judgment would be to allow two judgments for the same debt— might, in some cases, oppressively accumulate interest—and

would lead to an onerous and unnecessary multiplication of liens upon the debtor's property. Hence, it has become the established practice, and is settled by the Court of Appeals, as the only proper practice, to exclude from the judgment of affirmance all sums and amounts secured by the judgment in the court below." But the objection involves a question of practice merely, to be corrected by the Supreme Court, in case the respondent shall seek to enforce a double collection of costs.

The error being one of practice merely, constitutes no ground for reversing the judgment appealed from. Such judgment, as pronounced, was entirely correct, and the error consists in the form merely in which it was sought to be carried into effect. If necessary, the Supreme Court will hereafter correct the error.

The judgment must be affirmed, with costs.

All concur.

Affirmed.