## SUPREME COURT.

### JOHN L. BUCK agt. CITY OF LOCKPORT.

On appeal from the judgment of an inferior court to the general term of the supreme court, if the judgment is affirmed with costs, the respondent is entitled to have the interest on the judgment below from the time of its rendition to the time of entering judgment of affirmance, taxed by the clerk and inserted with the costs of appeal.

The sheriff is entitled to but one fee of fifty cents for receiving and entering an execution in his books and searching for property. He cannot charge one such fee under the act chap. 225, laws of 1850, § 1, and another under chap. 415, laws 1871, § 1, sub. 4.)

*Niagara Special Term, June,* 1872.

TAXATION of costs.

The plaintiff recovered judgment against the defendant in a justice's court in an action arising on contract. Defendant appealed to the county court, stating in his notice that such appeal was taken on questions of law only (*Code,* § 352). The county court affirmed the judgment· Defendant then brought an appeal to the general term of the supreme court, where the judgment was affirmed, with costs.

The plaintiff included in his bill of costs in the supreme court, interest on the judgment of the county court; also a charge of $1 13 for sheriff's fees on execution. Defendant's counsel objected to fifty cents in the last item, and to all the interest, but the clerk taxed and inserted both the charges in the judgment.

J. F. FITTS, *for defendant,*

Now moves for re-adjustment, and that the clerk be directed to strike out the sums objected to.

J. L. BUCK, *in person, opposed.*

LAMONT, *J.*—On a writ of error from an inferior court to the supreme court, the former practice was to include whatever was recovered below, together with the costs in error, and any damages awarded, in the judgment of affirmance in the appellate court (*Yates' Pl.*, 806; *Tillinghast's Forms*, 216).

The same practice is said, in *Eno* agt. *Crooke*, (6 *How.*, 462), to be perhaps applicable to appeals from inferior courts to the present supreme court, but not to appeals from a judgment entered on the direction of a single judge to the general term where both judgments are in the same court (*De Agreda* agt. *Mantel*, 1 *Abb.*, 130 ; *Halsey* agt. *Flint*, 15 *Abb*, 367 ; *Beardsley Scythe Co.* agt. *Foster*, 36 *N. Y.*, 561). The cases cited show, that the judgment of affirmance on appeal to the general term from the special term should only include the costs on the appeal, but not the interest on the first judgment, such interest being leviable upon the execution issued on the original judgment. By the law and practice, prior to our present Code, no execution was issued upon the judgment recovered in the lower court, after it had been affirmed in the supreme court (*Dunlap's Pr.* 1170 ; *Tidd's Pr.*, 1245 ; *Graham's Pr.*, 2d ed., 964 ; *Tillinghast's Forms*, 77). In an action brought upon a judgment, interest was always recoverable as damages (*Klock* agt. *Robinson*, 22 *Wend.*, 157 ; *Sayre* agt. *Austin*, 3 *Wend.*, 496).

Unless the plaintiff can include the interest on the judgment he recovered in the county court, when he enters his judgment of affirmance here, he will lose it, for he cannot issue an execution on the old judgment if the former practice is to prevail, as I think it does. It appears to have been the settled practice, on error from an inferior court to the supreme court, and affirmance of the judgment recovered by the plaintiff below, to tax as costs, in error, the interest on the judgment below from its recovery until judgment of affirmance, in those cases, where the cause of action carried interest. It

Buck agt. City of Lockport.

was so taxed in 2 *Cow.*, 579, and see *Bissall* agt. *Hopkins*, 4 *Cow.*, 53.

TIDD says: On account of error returnable in the king's bench, that court, on motion, will order the master to compute interest on the sum recovered, by way of damages, from the day of signing final judgment below down to the time of affirmance, and that the same be added to the costs taxed for the plaintiff in the original action (*Vide*, 1239). The reason it was disallowed in some cases was because the original cause of action did not bear interest (*Gelston* agt. *Hoyt*, 13 *Johns.*, 590; *Laws* agt. *Jackson*, 2 *Wend.*, 209). As every judgment now bears interest, such costs on affirmance here, where the appeal is from an inferior court, are properly taxable when interest was awarded by the court it was taxed with the costs (*Dunlap Pr.*, 1169; *Graham Pr.*, 734). And since the statute itself gives interest on all judgments (*Laws* 1844, *chap.* 324, § 1, 2), as it now does, such interest is taxable as a matter of law  For the like reason, on a cause of action denying interest, the plaintiff, after verdict in his favor, might tax interest thereon for the time he was delayed by the other party in perfecting his judgment, and that independently of the statute allowing interest on verdicts to be taxed (*Bull* agt. *Ketchum*, 2 *Denio*, 188; *Henning* agt. *Tyne*, 19 *Wend.*, 101).

It follows that the interest item was properly taxed.

Fifty cents of the charge for sheriff on execution should be struck out of the bill. *Chap* 415, *laws* 1871, § 1, *subd.* 4, and *chap.* 225, *laws* 1850, § 1, give the sheriff one fee of fifty cents for receiving and entering an execution on his books and searching for property. He is not entitled to that fee twice, once under each statute, as the plaintiff claims.

On plaintiff stipulating within five days hereafter, and giving such stipulation to the city attorney for the defendant, to deduct the latter item as of the date of entering judgment, the motion for retaxation is denied, otherwise granted with direction to the clerk to disallow it.