Van Vorst, J.
This case involves the same questions as arose in Donovan v. Sheridan, just decided {ante, p. 249). But in the latter case an execution had been issued on the judgment, and returned unsatisfied before commencing the equity suit. It appears by the pleadings and proof in this action that the execution was outstanding, nnreturned when the suit was commenced.
This can not be sustained as a judgment creditor’s action, to reach property or things in action belonging to the defendant, Terence Sheridan, or held in trust for *588 him, for the reason that the execution has not been returned unsatisfied (N. Y. Stat. at L., vol. 2, 180, §§ 38, 39 ; Beardslee Scythe Co. v. Foster, 36 N. Y. 561).
But under the facts in this case, the defendant, Terence Sheridan, against whom the plaintiff has re; covered a judgment, has no property or interest, legal or equitable, in the land sought to be reached and applied to the satisfaction of the judgment. He had paid the consideration for the land, but the title had become vested in his wife, through a conveyance made to her by the defendant, Thomas J. Sheridan, in pursuance of an understanding between the defendants, Terence and Thomas J. Sheridan, when the latter took the title.
Under such circumstances the judgment debtor is not the beneficial owner of the land, nor is it held by his wife in trust for him. - She holds it, however, in trust for the creditors of her husband, who had paid the consideration, of whom plaintiff is one. •
The plaintiff is entitled in this action to have the-trust enforced in his favor, as cestui que trust, under the provisions of the statute of uses and .trusts (N. Y. Stat. at L., vol. 1, 677, §§ 51, 52).
The enforcements of pure trusts is a subject of original equity jurisdiction, and does not depend upon a condition that the cestui que trust has exhausted his remedy by judgment and execution returned unsatisfied against his debtor. He may resort, in the first instance, to a suit in equity (McCartney v. Bostwick, 32 N. Y. 53).
The plaintiff is ^entitled to judgment and relief similar to that awarded in Donovan v. Sheridan.