## NEWPORT COUNTY.

### NEWPORT HOSPITAL *vs.* DANIEL CARTER.

The freemen of the town of M. voted to sell a beach belonging to the town in case the purchaser "will allow all such privileges as shall be thought necessary for the service of the town by a committee." A committee was appointed to sell and "to reserve the privileges by bond " . . . "the town clerk to give the deed." The town clerk gave a deed in his own name, and the purchaser gave to the town treasurer a bond conditioned on the purchaser, his heirs and assigns, allowing the inhabitants of the town forever full liberty of going to the beach and taking sand, seaweed, shells, and certain drift stuff therefrom. This took place in 1746. In 1885 the successor in title of the purchaser brought trespass *quare clausum* against an inhabitant of M. for asporting sand and seaweed from the beach. The defendant, as a statutory equitable defence, pleaded in justification the bond and its provisions, to which plea the plaintiff demurred.

*Held,* that the plea was bad, and that the demurrer should be sustained.

Pub. Stat. R. I. cap. 204, § 33, allows a defendant to avail himself at law of such defences only as without the statute he could have availed himself of by suit in equity.

TRESPASS QUARE CLAUSUM.    On demurrer to the plea.

The freemen of the town of Middletown, in town meeting, April 16, 1746, passed the following vote : —

" *Town Meeting Records, Book No.* 1, *p.* 20.    APRIL 16, 1746.

" Voted, that Sechewest Beach be sold to Jonathan Easton, for two hundred pounds, in case he will allow all such privileges as shall be thought necessary for the service of the town by a committee hereafter chosen, and likewise pay all the rents now behind since the devision of the town, and pay all the charge created aboute said beach, since the devision. And that John Allen, John Clarke, Peleg Slocum, Thomas Gould and Peleg Roggers

be, and they are hereby appointed a committee, they or the major part of them, to sell the same, and in case they sell the same, they are to reserve the privileges by bond to be recorded with the deed, and they to put the money into the town treasury, and the town clerke to give the deed, and they to make report of their doing to the next town meeting."

The committee reported as follows : —

" *Town Meeting Records, Book No.* 1, p. 23.   August 26, 1746.

" Whereas, John Allen, John Clarke, Peleg Slocum, Thomas Gould and Peleg Roggers, were appointed a committee at the town meeting in April last, to sell Sechewest Beach to Jonathan Easton, and make report to the next town meeting, who then reported that they had not finished the same, and desired to be continued, and make report to this meeting, who now report they have sold said beach for two hundred thirty-seven pound and eighteen shillings excluding the rent and charge, and put the money into the town treasury, and likewise presented an account amounting " . . .

Whereupon the following deed was given.   It is recorded in Deed Book 1, p. 76, in the office of the town clerk of Middletown :

" To all people to whom these presents shall come : I, Edward Easton, of Middletown, in the County of Newport, in the Colony of Rhode Island and Providence Plantations, in New England, Yeoman, (Town Clerk of Middletown aforesaid) send greeting : Whereas, at a Town Meeting held in Middletown aforesaid, the sixteenth day of April last past, it was voted that Sechewest Beach be sold to Jonathan Easton, and the Town Clerk to give the deed, as in and by the said vote of the said Town Meeting ; Relation being thereunto had may more fully and at large appear. Now know ye, that I, the said Edward Easton, Town Clerk, for and in consideration of the sum of two hundred and thirty-seven pounds, eighteen shillings, current money of the Colony aforesaid, Old Tenor, to me in hand paid at or before the sealing and delivery hereof by Jonathan Easton, of Newport, in the County and Colony aforesaid, merchant, the recept whereof I do hereby acknowledge, and thereof do acquit and forever discharge the said Jonathan Easton, his Heirs, Executors, Administrators and Assigns, by these presents Have granted, bargained, sold, aliened,

enfeoffed, conveyed and confirmed, And by these presents (and by Virtue of the said recited Vote of the Town Meeting aforesaid) Do grant, bargain, sell, alien, enfeoff, convey and confirm unto the said Jonathan Easton, his Heirs and Assigns, A certain Beach, called and known by the Name of Sechewest Beach, Scituate, lying and being in Middletown aforesaid, containing by estimation Eighty Acres, be the same more or less, and is bounded as followeth, *viz.:* Southerly on the sea or Ocean; Westerly on Land of the said Jonathan Easton; Northerly partly on Land of James Honyman, Jr., and partly on Land of the said Jonathan Easton; and Easterly on Land of the said Jonathan Easton; Together, also, with all and Singular Ways, Rights, Liberties, privileges and Appurtainances whatsoever to the same belonging or in any wise appertaining. To have and to hold the said Beach hereby granted, with the Appurtenainces, unto the said Jonathan Easton, his Heirs and Assigns, To the only proper use and behoof of the said Jonathan Easton, his Heirs and Assigns, forever. And I, the said Edward Easton, Town Clerk, for myself and my successors in said Office do covenant, promise and grant to and with the said Jonathan Easton, his Heirs and Assigns, by these presents, in manner following (That is to say): That I, the said Edward Easton, Town Clerk, now, at the time of the sealing and delivery hereof (by virtue of the afore Recited Vote of the Town Meeting), have in my self good right, full power, lawfull and absolute authority, to grant, bargain and sell the said Beach, Hereditament and premises hereby granted, with the appurtainances, unto the said Jonathan Easton, his Heirs and Assigns, in manner and form as aforesaid. And that the said Jonathan Easton, his Heirs and Assigns, shall or lawfully may from time to time, and at all Times forever hereafter, Quiately and peaceably Have, Hold, use, Occupy, possess and Enjoy the said Beach, Hereditaments and premises hereby granted, with the Appurtainances, Free and Clear, and Freely and Clearly acquitted, exonerated, and forever Discharged of and from all and all manner of former and other Gifts, Grants, Bargains, Sales, Leases, mortgages, Joyntures, Dowries, Wills, Entails, Fines, amerciments, Judgements, Executions, Extents, Titles Charges, Troubles, Claims and Demands, Burthens and Incumbrances

whatsoever.    Furthermore, I, the said Edward Easton, for myself and my Successors in said Office of Town Clerk, the said Beach, Hereditament and premises, hereby granted, with the Appurtainances, unto the said Jonathan Easton, his Heirs and Assigns, against me, the said Edward Easton, and my successors in said Office, and against all and every other person and persons whatsoever belonging to Middletown, shall and will warrant and forever defend by these presents.

" In Witness whereof, I, the said Edward Easton, Town Clerk, have hereunto set my Hand and seal, the nineteenth day of May, in the nineteenth year of His Majesty's Reign, George the Second, King of Great Britain, &c., Anno ye Domini one thousand seven hundred and forty six.

"EDWARD EASTON, TOWN CLERK, { SEAL. }

" Signed, sealed and Deliv$^{ed}$
    In the presents of
        " WILLIAM TURNER,
        " SARAH TURNER.

" Recorded May 19th, 1746,
    " Pr. EDW'D EASTON,
        " Town Clerk.

" Middletown, ss : May 19, 1746.

" Edward Easton, Subscriber to the above Instrument, personally appeared and acknowledged the same to be his Act and Deed, hand and Seal thereto set.

" Before WILLIAM TURNER, Just. of peace.

" To Edward Easton, Town Clerk of Middletown : We whose names are underwritten, being Chosen a Committee at a Town Meeting, held in said Middletown the 16th of April, 1746, to sell Sechewest Beach to Jonathan Easton, and according to said vote we have sold the same.

" Dated May 12th, 1746.                    " JOHN ALLEN,
                                            "PELEG SLOCUM,
                                            " THOS. GOULD."

    And Jonathan Easton executed the following bond, which is recorded in Deed Book 1, p. 78, in the office of the town clerk of Middletown : —

" Know all Men by these presents : That I, Jonathan Easton, of Newport, in the County of Newport, in the Colony of Rhode Island and Providence Plantations in New England, Merchant, am held and firmly bound unto Thomas Gould, of Middletown, in the County and Colony aforesaid, Esq<sup>r</sup>., (Treasurer of the Town of Middletown aforesaid,) in the full and just sum of Two Thousand pounds, Current money of the Colony aforesaid, Old Tenor, To be paid to the said Thomas Gould in his capacity aforesaid, or to his successors in said Office : To which payment well and truly to be made, I bind myself, my Heirs, Executors, Administrators' and every of them, firmly by these presents, Sealed with my Seal, Dated the nineteenth day of May, Anno Dom! One Thousand Seven Hundred and Forty Six.

" Whereas, at a Town Meeting held in Middletown, the sixteenth day of April last past, ' Voted, That Sechewest Beach be sold to Jonathan Easton, for Two hundred pounds, In Case he will allow all such Priviledges as shall be Thought necessary for the Service of the Town by a Committee hereafter chosen : and likewise pay all the Rents now behind since the Devision of the Town, and pay all the Charge created aboute said Beach since the Devision.  And that John Allen, John Clarke, Peleg Slocum, Thomas Gould and Peleg Roggers be, and They are hereby appointed a Committee, they, or the Major part of them, to Sell the same, and in case they Sell the same, They are to Reserve the privileges by Bond to be Recorded with the Deed, and they to put the money into the Town Treasury, and the Town Clerk to give the Deed,' As in and by the said recited Vote of the Town Meeting, aforesaid, Relation being thereunto had may more fully and at large appear.  And Whereas, in and by a Certain Deed under the Hand and Seal of Edward Easton, of Middletown aforesaid, Yeoman, (Town Clerk of Middletown aforesaid,) duly executed, bearing even Date with these presents, He, the said Edward Easton, for the consideration therein mentioned, Did grant and Convey unto the s<sup>d.</sup> Jonathan Easton, his Heirs and Assigns, A certain Beach, called and known by the Name of Sechewest Beach, Scituate, lying and being in Middletown aforesaid, and is bounded as follows : *viz.* : Southerly on the Sea or Ocean, Westerly on Land of the s<sup>d.</sup> Jonathan Easton, Northerly partly on

Land of James Honeyman, Jun., and partly on Land of the said Jonathan Easton, and Easterly on land of the said Jonathan Easton, Together with the Appurtenances.

"To hold to him the said Jonathan Easton, his Heirs and Assigns forever, As in and by the said Recited Deed, Relation being thereunto had may more fully and at large appear. Now, the Conditions of this present Obligation is Such, That if the said Jonathan Easton, his Heirs, Executors, Administrators and Assigns, do and Shall grant and allow unto the Inhabitants of the Town of Middletown aforesaid, forever, The following Liberties and privileges out of the above mentioned and described Beach, (That is Say,) A Conveniant Drift way to pass and Repass from the end of the Lane near the place called the Falls, across that called his, the said Jonathan Eastons Ten Acre Lott, down to the Commonage Sold to him. And that there shall be a good large Gate or Gates always kept in good Repair, where it now stands, fit for Carts and Horses to pass through, and that the Surveyors of the Highways shall have Liberty at any time to mend the said Drift way, also a Conveniant Drift way over the said Commonage Sold to him, to the Eastermost part thereof untill it comes to that called Anna Bennetts Lott, and then to go over or across any part of the Southermost part of the said Anna Bennett's Lot : Together with a Conveniant Drift way down to the Landing place, with Sufficient Room along the North Shore to Land wood, Rails, or what Else any of the Inhabitants aforesaid may have Occasion to Land, with Liberty to Transport it from thence at any time. And y$^t$ there Shall be a Conveniant Drift Way to pass and Repass into Sechewest Neck, along said Beach or Commonage, and so to the Northwestermost part of Henry Tews Land. Likewise that any of the Inhabitants aforesaid shall have full and free Liberty of going to and from the said Beach or Commonage, or any part thereof, without mollestation, either on Horse back or on foot, likewise with Carts and Teems of Oxen or Horses, to fetch and carry away from the said Beach or Commonage, Sand, Seeweed and Shells, and all Such Drift Stuff as any of the Inhabitants aforesaid shall take up in the Surff, or under High Water Mark, against said Commonage or Beach. And that They shall have the Liberty to lay Seeweed and Shells in heaps on any

part of the said Commonage, and to carry off the same, as it suits their Conveniancy: Then this present Obligation to be Void and of none effect, otherwise to be and Remain in full force and Virtue.

"JONATHAN EASTON,　　{ SEAL. }

. " Sealed and Delivered ⎱
In the presence of ⎰
　　" GILES SLOCUM, Jun.
　　" WM. TURNER.

" Recorded May 24, 1746,
" Pr. EDW'D EASTON,
" T. Clerk.

" MIDDLETOWN, ss., May 19th, 1746.
" Jonathan Easton, Subscriber to the above Instrument, personally appeared and acknowledged the Execution of the Same to be his act and Deed, hand and Seal hereto set.

" Before　　WM. TURNER, Just. of the peace."

Jonathan Easton's title under the above deed was devised to his son, and from him, by descent, devise, deeds of conveyance and partition between his heirs, passed to John Alfred Hazard, who by his will gave it to the Newport Hospital.

This action was trespass for asporting sand and gravel from Sachuest Beach. The defendant, as his fourth plea, filed one of equitable defence under the statute, setting forth the above bond, averring that he was an inhabitant of the town of Middletown at the time of the alleged trespasses, and as such lawfully took sand and gravel from the beach, and that the plaintiff derived title from the will of Easton and from devises, deeds, and partitions made between themselves by the successors in title by devise and descent of Easton's devisee.

To this plea the plaintiff demurred.

*Providence, February* 20, 1886. DURFEE, C. J. The defendant contends that the bond amounts to a perpetual license to the inhabitants of the town of Middletown to do the acts complained of in the declaration. He contends that it is in effect a covenant for such license, and that as such it is specifically enforcible in equity against the plaintiff as owner, under the covenantor, of the estate to which it relates. Admitting, without deciding, that the bond is

such a covenant, does it follow that the defendant can plead it in bar of the action ? The general rule is, that only parties to a contract or their successors in law or fact, or at the most those who are interested in the subject matter, can maintain a suit to enforce it. ·Waterman on Specific Performance, § 50 ; *Beardsley Scythe Co.* v. *Foster*, 36 N. Y. 561 ; *Moss* v. *Bainbridge*, 18 Beav. 478, 482, also in 6 De G., M. & G. 292 ; *Peele, ex parte*, 6 Ves. Jun. 602 ; *Colyear* v. *The Countess of Mulgrave*, 2 Keen, 81; *Denbo* v. *Tipton*, 2 Ind. 20. The defendant is neither party nor privy to the contract nor assignee. He has no interest in the subject-matter ; for a mere license does not amount to an interest, even in equity, until the licensee has incurred expense or labor in consequence of it. He does not come within the recognized exceptions to the given rule. The exceptions extend only to marriage settlements, or to contracts for the benefit of some person nearly related to the promisee, or of some person who, in consequence of the contract, has altered his status or condition. Fry on Specific Performance, §§ 102, 105; Waterman on Specific Performance, § 51. The defendant could only bring himself within the last, if either, exception, and he does not do it by his plea. He argues that the obligee of the bond became a trustee for the inhabitants, and that as one of the inhabitants he is entitled to an enforcement of the trust. We do not think the bond can be held to have created a trust in favor of the inhabitants. The obligee, by taking the bond in his name, may have become a trustee for the town, supposing the town authorized such taking, because the consideration proceeded from the town. No consideration proceeded from the inhabitants. The bond is merely an executory contract, and it is well settled that an executory contract will not be enforced as a trust in equity at the suit of a mere volunteer. If upon suit the penalty were recovered, the money would go to the town, not to the inhabitants. The town, for anything we can see, could in equity discharge the bond for good consideration. It could not do so if the inhabitants were *cestuis qui trustent*, and entitled as such to the benefits of the condition. It follows that the defendant has no right under the bond which would entitle him to equitable relief independently of the statute, and we do not think the statute does more than enable a defendant to avail himself at law of such defence as without it he could have availed himself of by suit in equity.

The bond, construed as the defendant seeks to have it construed, resembles a condition in a grant. The estate might have been granted on condition that the grantee, his heirs or assigns, should allow to the inhabitants the privileges mentioned in the bond, in which case, if the grantee had disallowed those privileges, the inhabitants could not have enforced the condition, but only the grantor, or, if the grantor were a natural person, his heirs. In *Parsons* v. *Miller*, 15 Wend. 561, 564, the defendant, who was sued in trespass for carrying away seaweed from the plaintiff's beach, justified under such a condition; but the court held, as we understand the decision, that even if the condition extended to the taking and carting away of seaweed, it was no defence, because the defendant was a stranger to the deed. See, also, *Hornbeck* v. *Westbrook*, 9 Johns. Rep. 73. The defendant cites *Driscoll* v. *Marshall*, 15 Gray, 62. There the defendant bought standing wood, with the right to enter, cut, and remove it. The owner subsequently sold and conveyed the land where the wood stood to purchasers who sold and conveyed it to the plaintiff. The plaintiff had notice of the sale of the wood to the defendant, and assented to the reservation of it for him, though the assent was not put in the deed. The court held that the assent was equivalent to a license under which the defendant could justify. There was no evidence of any revocation of the license, and it was not claimed that the license was irrevocable. The defence was legal, not equitable. The case does not much resemble the case at bar. The defendant here sets up, not simply a license given by the plaintiff, but a so-called license given by Jonathan Easton, under his hand and seal, a hundred and forty years ago, which, the defendant contends, operates in equity like a covenant running with the land, binding it forever. To sustain the plea, therefore, giving it the effect which he claims for it, is not merely to give effect to a personal license, but to saddle the estate with a perpetual charge or servitude. If this can be done, we think it is for the obligee of the bond to do it, or possibly for the town as the obligee in equity, and not for the defendant.

The bond cannot operate as a grant, for an unincorporated community, " a mere flux body," united only by local habitation, cannot take in succession, either collectively or individually, and

therefore a grant to the inhabitants of Middletown, giving it the most favorable construction, would be simply a grant to the inhabitants living at the time of the grant. *Thomas* v. *The Inhabitants of Marshfield*, 10 Pick. 364, 368; *Rogers* v. *Brenton*, 10 Q.·B· 26, 60; *Jackson* v. *Cory*, 8 Johns. Rep. 301; *Hornbeck* v. *Sleght*, 12 Johns. Rep. 199. *Demurrer sustained.*

*William P. Sheffield & Francis B. Peckham*, for plaintiff.
*Arnold Green & Samuel R. Honey*, for defendant.