## COURT OF APPEALS, JANUARY TERM, 1849.

LANGLEY & LANGLEY, Respondents, vs. THOMAS WARNER, Appellant.

Where an undertaking was executed by the appellant and his sureties in pursuance of the 284th section of the code, upon bringing an appeal, agreeing to pay "*all damages*," &c., but no agreement to pay *costs* as is required by the 283d section, *held*, that the appeal was not effectual for any purpose.

The court cannot amend such an undertaking, without the consent of the parties to it. The 149th section of the code authorizes the court to amend pleadings and proceedings in certain specified cases, but such a case as this is not among the number.

On the 27th of September last, Langley & Langley, as Plaintiffs, recovered a judgment against Warner in the Superior Court of the city of New York, for $185.19. On the 25th of October following, Warner gave notice of an appeal, and an undertaking was executed in pursuance of the 284th section of the Code of Procedure; but there was no such undertaking as is required by the 283 section. And on that ground—

JAMES EDWARDS, *for the Respondents*, moved to dismiss the appeal.

A. DEAN, *for the Appellants.*

BRONSON, Justice.—To render an appeal effectual for any purpose, there must be an undertaking that the appellant will pay all *costs and*

*damages* which may be awarded against him on the appeal, *not exceeding* two hundred and fifty dollars. (Code, §283.) When the judgment is for the payment of money, and a stay of execution is desired, the sureties must go further, and undertake that the appellant will pay the amount of the judgment, so far as it shall be affirmed, and *all* damages which shall be awarded against the appellant on the appeal. (§284.) The undertaking in this case conforms to this section; and as there is an agreement to pay " *all damages*," the word " damages," in the preceding section is fully satisfied, and something more. But there is no agreement to pay *costs*, as the 283d section requires; and without that the appeal was not effectual for any purpose.

The appellant asks leave to amend the undertaking. If it had been a bond, and the obligors had applied, we should have had power to allow an amendment. (2 R. S., 556, §34.) But the instrument is not a bond, and the sureties have not applied. The court cannot amend a contract without the consent of the parties to it. The 149th section of the Code of Procedure authorizes the court to amend pleadings and proceedings in certain specified cases, but I think it clear that this case is not among the number. Whether, upon common law principles, we could not allow a new undertaking to be filed *nunc pro tunc*, I do not think it necessary to inquire; for, in my judgment, a court of review ought not to encourage appeals, and no special reason is shown for allowing an amendment in this case. If delay is not the object, and the appellant really desires to obtain the judgment of this court, he can bring a new appeal.

Appeal dismissed—with costs of the appeal, without costs of the motion.