CHRISTIAN GOTTWALD, *et al.* Appellants, *against* CHARLES TUTTLE, Respondent.

(Decided April 2d, 1877.)

Under § 340 of the Code of Procedure (old Code), which provides that the undertaking to stay execution pending appeal may be in one instrument or several, where an undertaking by two sureties fails of approval because one of the sureties is insufficient, if, afterwards, a separate undertaking is executed by another surety alone, he is bound, although the former undertaking, by reason of having failed of approval, has become void.

APPEAL by the plaintiffs from an order of this court, made by Judge VAN BRUNT, at special term, sustaining a demurrer to the complaint.

The complaint alleged that in a suit in the Superior Court of the City of New York, in an action for the recovery of personal property against these plaintiffs by one Robert

Cochran, they recovered a judgment from which Cochran appealed to the general term of that court, and gave an undertaking to stay execution, on which Wellington Clapp and P. L. Berretta were sureties; that upon exception made to the sufficiency of the sureties, and examination of them, a justice of that court refused to approve the undertaking, and stated that he did not consider Berretta sufficient, and ordered the plaintiff (Cochran) to find some one else instead of him; that thereafter the defendant executed an undertaking to stay execution pending the appeal; that upon the appeal the judgment was affirmed, and that the plaintiff in that suit had not satisfied the judgment. A copy of the undertaking executed by the defendant here was annexed to the complaint, and was in the usual form executed by the defendant.Tuttle alone.

*Spencer L. Hillier*, for appellant.

*Charles Meyer*, for respondent.

CHARLES P. DALY, Chief Justice.—I think the demurrer was not well taken, and that the decision at the special term, sustaining it, was erroneous. The complaint avers that the justice refused to approve the undertaking because he did not consider Berretta, one of the sureties, competent, and that he ordered the plaintiff to find some one else instead of Berretta. That another surety may be substituted for the one who fails to justify is contemplated by sec. 341 of the Code. Before the Code, if one of the bail failed to justify and was rejected, the bail-piece was regarded as a nullity, and a new bail-piece was required, and a new notice of justification. (*Lewis* v. *Gadderrer*, 5 Barn. & Ald. 704.)

The bail, when excepted to, were considered as no bail, unless they justified. If they did not, the court would order their names to be stricken out of the bail-piece, although, until this was done, they might be proceeded against. (1 Tidd Pr. 258, 9th Lond. Ed.)

Our Court of Errors, however, held in the unreported

case of *Drummond* v. *Watson* (see 4 Comst. 171), that the sureties in an error bond, after exception and failure to justify, were discharged without any further proceeding.

But the Code has made an important change. It provides that the undertaking prescribed by sec. 335 may be in one instrument or several, at the option of the appellant, which avoids the difficulty in the former practice, where there could be but one bail-piece.

The defendant's undertaking by a separate inst ument was good, and whether Clapp, the other surety, was answerable or not, the defendant was estopped (*Decker* v. *Judson*, 16 N. Y. 446, 447, 449; *Hill* v. *Burke*, 61 id. 115, 116, 117; *Shaw* v. *Tobias*, 3 id. 191, 192) by the instrument which he signed, the appellants having had the benefit of the consideration for the defendant's undertaking, namely :—a stay of the proceedings until the decision and judgment of the general term of the Superior Court was given; which is to be assumed from the averment in the complaint, that the judgment appealed from was affirmed, and that the appellant has not paid any part of it, or delivered up the property to the plaintiff, the judgment appealed from being that the plaintiffs here, who were the defendants, were entitled to the possession of the property. The undertaking which the defendant signed has accomplished all that it was intended to effect, and it does not lie with him to object that the prior undertaking was discharged as respects Clapp, because the court refused to approve it, not considering Berretta sufficient.

The defendant made no stipulation that any other person was to become cosurety. The name of no other person appears in the instrument, and no such understanding can be implied. He agreed that if the judgment was affirmed, or the appeal dismissed, he would pay the amount of the judgment. The consideration for his undertaking has been received, and so far as respects his liability, it is immaterial whether Clapp is liable as surety or not.

JOSEPH F. DALY and VAN HOESEN, JJ., concurred.

Order sustaining demurrer reversed.