JACOB A. GROSS, Respondent, *against* JAMES W. BOUTON, Impleaded, &c., Appellant.

(Decided February 2d, 1880.)

Pending appeals from judgments upon which executions had been issued in each of four actions against the same defendant, an order was made that, upon the defendant filing a proper undertaking in each of the actions, and the justification by the sureties, and approval of the undertakings by a justice of the court, the plaintiff's proceedings should be stayed and the execution superseded. For the purpose of complying with this order, the defendant procured B. and C. to execute joint undertakings in each of the four actions, and at the time fixed for the justification of the sureties, B. attended and was examined as to his sufficiency, and his examination was sworn to before the justice; but C. did not attend. Thereupon an order was made that the defendant be allowed to substitute a new surety in place of C., and that such new surety should justify on a day named, and that new undertakings should be executed and filed on that day in each case. The defendant filed new undertakings in all the actions, each executed by two new sureties, who were examined and justified, and the new undertakings were approved by the justice. The undertakings executed by B. and C. were never presented to the justice for approval, and the sufficiency of B. was never passed upon by him. In an action against B. and C. on the undertakings executed by them,—*Held*, that a refusal of the judge to charge the jury as requested on behalf of the defendant B., that the undertakings sued on were not approved by the court, was error; as, without such instruction, the jury might well suppose that the swearing by B. to his justification before the justice was equivalent to an acceptance of him as surety by the justice.

So, a refusal to charge as requested on behalf of the defendant B., that the co-surety with B. not having justified, B. was exonerated from liability, was error. By the terms of the order, pursuant to which the undertakings were executed, they were not to operate as a stay until the justification of the sureties and approval of the judge; and C., the co-surety, having failed to justify, and the undertakings being joint and not several, B. was discharged as well as C. No damage could have been sustained

by the plaintiffs from the giving of the undertakings, as they could not operate as a stay until justification and approval.

Neither could B. be held liable upon the undertakings on an alleged parol agreement that he would consider himself bound. Such an agreement would be clearly within the statute of frauds. Nor did he remain liable upon the undertakings in the absence of any agreement to release him from responsibility. He had the right to claim the joint liability of his co-surety as a condition of his obligation. That was the undertaking he signed, and no other; and that undertaking could not be made several by parol.

APPEAL from a judgment of this court, entered on the verdict of a jury, and from an order denying a motion for a new trial.

In February, 1868, four judgments were obtained in the marine court against Joseph R. Laurent, each for $778.44.

The said Laurent appealed from each of these judgments: executions having been issued a motion was made for a stay of proceedings, and the court made an order that a stay should be granted, and the executions should be superseded upon the filing, justification and approval of a proper undertaking to be made upon behalf of the defendant, with two sureties in each of the actions; and for the purpose of complying with the order the said Laurent caused an undertaking on appeal to be executed by the defendants, Bouton and Courteille.

The defendant Bouton attended before the judge for the purpose of justification at the time mentioned in the order, and was examined as to his sufficiency as a surety, but his co-surety, Courteille, did not attend.

In consequence of the non-attendance of Courteille, the court made an order on March 19th that the defendant be allowed three days further time in which to substitute a new surety, and that said new surety justify on a day named, and that *new undertakings* be executed and filed on that day with the clerk in each case.

On March 27th, 1868, the defendant Laurent presented four undertakings executed by Alex. B. Kays and James Morgan, the undertakings being in the usual form to stay proceedings, and each of the sureties justified upon each of the

undertakings in the sum of $2,000, each judgment being $778.44.

On the same day the sureties were examined as to their sufficiency, and each justified in the sum of over $15,000, and these undertakings were indorsed at that time by the judge after such justification, "approved as to form and sufficiency."

The undertakings sued upon were never presented to the judge for approval, and the sufficiency of the defendant Bouton was never passed upon by him. On March 30th, 1868, an order was made reciting that the sureties having justified in the four actions, and the said sureties having been examined and *approved*, and then directing that the executions in said actions be superseded.

The plaintiff in this action testifies that he stated, in the presence of Mr. Bouton, that he was perfectly satisfactory as a surety, and that it was the understanding that the defendant Bouton should remain bound upon his undertaking notwithstanding the discharge of his co-surety. This is denied by Mr. Bouton and Mr. Wetmore. The judgments appealed from were subsequently affirmed, and this action was brought against James W. Bouton and S. Courteille upon the first undertakings.

The counsel for the defendants requested the judge to charge the jury that the undertaking sued upon was not approved by the court, which the court failed to charge, and an exception was taken; also, that the co-surety with the defendant Bouton not having justified, the defendant Bouton was exonerated from further liability. This was refused and exception taken.

The learned court charged the jury "that the question of liability depends entirely on this one question : was there an understanding between Mr. Gross and Mr. Bouton that the new undertaking executed by Kays and Morgan, or to be executed by some one, should take the place of the undertaking that Mr. Bouton had signed?" To this the defendant's counsel duly excepted. The court further charged the jury "if it was the understanding that Bouton's should stand; then Bouton would be liable" (to this the counsel for defendant duly excepted),

" but if the fair understanding was at the time that Mr. Bouton's undertaking should cease to have effect and a new undertaking with new sureties should fill its place, then the new undertaking would supersede the old and Mr. Bouton would cease to be liable." To this the defendant's counsel duly excepted. The jury having rendered a verdict for the plaintiff, a motion was made by the defendants upon the minutes for a new trial, which was denied. From the judgment for the plaintiff, entered upon the verdict, and from the order denying a new trial, the defendant Bouton appealed.

*A. J. Vanderpoel*, for appellant.

*D. McMahon*, for respondent.

VAN BRUNT, J.—[After stating the facts as above.]—There were various other questions raised upon the argument of the appeal in this action, but I do not consider it necessary to discuss any others than those mentioned in the foregoing statement.

The learned judge before whom this case was tried erred in refusing to charge the jury, when requested by the defendant, that the undertaking signed by Bouton was not approved by the court.

There is no evidence that the judge ever approved of Bouton as surety; the simple fact of his swearing before the judge to his justification does not raise any presumption that the court knew anything about the contents of his deposition, or that his sufficiency was acted upon by the court in any way; and if the jury supposed, as they may well have done, that the swearing by Bouton to his justification before the judge was equivalent to an acceptance of Bouton as a surety by the judge, it may have had great influence in determining the question before them.

But there is a question of much greater importance which is presented. It must be conceded, and it was assumed upon the trial, that by his failure to justify, Courteille, the co-surety, was discharged from all liability upon the undertaking sued

Gross *v.* Bouton.

upon, and it must be admitted that the filing of the undertakings sued upon under the circumstances operated in no way as a stay of the proceedings of the plaintiffs in the actions in the marine court, because the undertakings were executed and filed pursuant to an order, made upon a motion for a stay of proceedings, which provided that the undertakings should not operate as a stay until the justification of the sureties and the approval of the undertakings by one of the justices.

The undertaking executed by Bouton and Courteille was joint and not several, and as soon as one surety was discharged from liability, the other was equally so, unless the plaintiffs in the actions have sustained some damage by the giving of the undertakings, which it is clear that they did not do in this case, as they could not operate as a stay until justification and approval.

The plaintiffs in those actions were not bound to except to the sufficiency of the sureties on the undertakings in order to entitle them to a justification. The undertakings were to be of no effect until justification and approval; and if the plaintiffs did not attend at the time appointed for the justification, and the sureties did not justify, and the undertaking was not actually approved by the court, the undertakings did not in any way operate as a stay, and became a nullity.

That Bouton was not considered as held upon the old undertaking is very strongly evidenced by the order of March 19, which provided that upon the justification of the new surety new undertakings should be executed and filed with the clerk. It is claimed that this applies to a new undertaking to be executed by the new surety; but this limited construction cannot prevail, because it would follow that the new surety must execute a new undertaking or he would not be bound, and the court, in speaking of such an undertaking, would have said: and an additional undertaking should then be executed, &c.; but in order that there should be no mistake about what was to be done, the court says, that new undertakings should be executed. If they were new, they were to be in contradistinction to something old, and the clear import of the language is that the new was to take the place of the old. Another very pregnant fact

Gross v. Bouton.

in this case is that new undertakings were given in this case executed by two sureties who each justified in an amount amply sufficient to comply with the requirements of the first order made, and these undertakings were approved by the judge after justification before the court, and further, that the original order requires that there should be one undertaking in each action executed to procure a stay, each executed by two sureties. Two undertakings executed by three sureties was no compliance with this order.

Because of the failure of Courteille to justify and the failure of the court to approve the undertakings required by the order to entitle the defendant to any advantage under the undertaking, Bouton never became liable upon them; but it is sought to hold him by a parol agreement that he would consider himself bound. As he could not be bound originally as surety except in writing, it is difficult to see how he could become bound by parol upon an undertaking from all liability upon which he had been discharged by operation of law. Such an agreement to become bound would be clearly within the statute of frauds, and void.

Further, the learned judge who tried this cause charged the jury that unless they found an agreement to release him from responsibility, Bouton remained bound. I cannot but think that here was error. The evidence showed that Bouton was presumptively discharged. No act was ever done which ever entitled the defendant in the marine court judgments to any stay whatever because of the undertakings signed by Bouton. The co-surety of Bouton, Courteille, had become discharged because of failure to justify, and Bouton had the right to claim the joint liability of his co-surety as a condition of his obligation. That was the undertaking he signed, and no other, and that undertaking cannot be made several by parol.

For the reasons above stated, I am of the opinion that the judgment should be reversed and a new trial ordered, with costs to abide the event.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred in the result.

Judgment reversed and new trial ordered, with costs to abide the event.