## SUPREME COURT.

### N. W. HOOKER agt. H. D. TOWNSEND.

*Sureties on appeal — Liability of defendant where the undertaking of surety has not been formally approved — Code of Procedure, sections* 334, 335, 336, 338, 340 — *Code of Civil Procedure, section* 1335.

After two sureties, A. and B., had executed a joint and several undertaking under sections 334 and 338 of the old Code for a stay of proceedings on appeal, A. justified, but when subsequently B. was examined, the justice before whom the examination took place filed a memorandum that he was not qualified, and that "defendant in the action must produce another surety. Meantime, intermediate the filing of the memorandum and the entry of an order thereon, the defendant executed the undertakings upon which this action was brought, which were approved.

*Held*, that by the memorandum and order referred to, the justice approved of A. as one of the sureties upon the undertakings; that it was not necessary that A. should join in the execution of the undertakings with defendant, and even if A. is not liable upon his undertaking for want of a formal indorsement of approval upon it, the defendant should not be relieved from liability on his undertakings, which stayed plaintiff's proceedings.

*At Circuit, January*, 1884.

Hooker agt. Townsend.

*Townsend Wandell* and *Edward S. Clinch*, for plaintiff.

| *George C. Coffin* and *Robert S. Green*, for defendant.

LAWRENCE, *J.* — The order of July 17, 1875, provided for a stay of proceedings on the appellants giving undertakings in compliance with sections 334 and 338 of the old Code of Procedure. On the 11th of August, 1875, undertakings were executed in each of the actions by Howard A. Martin and Runyon W. Martin, which undertakings were filed on the 14th of August, 1875. These undertakings were joint, and not joint and several. On the 6th of September, 1875, an order was made dismissing the justification of the sureties, and reciting as a ground therefor that the said sureties had failed to appear. The order also recited that the justification had previously been adjourned by stipulation, after the examination of one of said sureties. On the 7th of September, 1875, an order was made requiring the plaintiff to show cause why the order made dismissing the justification of the sureties should not be vacated, and the said sureties allowed to justify, &c., and staying plaintiff's proceedings in the meantime, and until the further order of the court. This order was obtained upon an affidavit made by James B. Kissock, which stated that on the second day of September, pursuant to notice and adjournment, Runyon W. Martin, one of the sureties justified, and that on account of the illness of Howard A. Martin, the other surety, the further examination was adjourned until the fourth instant. That on that day the plaintiff's attorney would not adjourn said examination until longer than the sixth instant; that by reason of the negligence and oversight of a messenger, notice to that effect did not reach the surety, and on that day, no one appearing to oppose, the plaintiff's attorney obtained and entered an order dismissing the justification of the sureties, although one surety had already justified. Howard A. Martin was subsequently examined, and on the fourteenth of September Mr. justice BRADY, before whom the examination had taken place, filed a memorandum,

Hooker agt. Townsend.

which was published in the Daily Register of September fifteenth, as follows: "Howard A. Martin is not qualified as a surety. The defendant must produce another, and serve notice of justification within five days from the entry of the order. Justification to be on two days' notice." No order seems to have been entered upon this decision of Mr. justice BRADY until the 24th of September, 1875. That order, in substance, recites the decision of the fourteenth of September, and directs the defendant to furnish another surety to the undertakings required in these actions, and to serve notice of justification and to justify within the time specified in said order, and that in default thereof the stay of proceedings be vacated and removed, &c. It is quite clear to me that by the memorandum aforesaid, and his order of September twenty-fourth, Mr. justice BRADY accepted and approved of Runyon W. Martin as one of the sureties upon the undertaking directed to be given by the order of July 17, 1875. In the meantime, intermediate the filing of the memorandum of Mr. justice BRADY and the entry of the order thereon on the 24th of September, 1875, the defendant on the 16th of September, 1875, executed and acknowledged the undertakings upon which these actions are brought. His examination was taken on the seventeenth of September, and pinned to the two undertakings, each of which had indorsed thereon these words : " The within undertaking is hereby approved as to its form and the sufficiency of its sureties. Dated 22d of September 1875." Only the approval on the outside paper is signed by justice DONOHUE, but I cannot accede to the proposition that as the examination taken before the notary public is pinned to both of the undertakings, and as the three papers were treated as one, that the omission of the justice to indorse the inner undertaking is to be regarded as an indication that he had disapproved thereof. On the contrary, I am of the opinion that the indorsement of the justice is to be regarded as an approval of both the undertakings, it being quite evident that on the submission

of the undertakings and examination, the three papers were regarded as one.

I think, therefore, that it is too late for the defendant to object that he never became bound by the undertakings in question. In this connection it should be borne in mind that under section 340 of the old Code of Procedure, the undertakings prescribed by sections 334, 335, 336 and 338 might have been in one instrument or several, at the option of the appellant, and it was not necessary therefore that Runyon W. Martin should join in the execution of the undertaking with the defendant. In *Gottwald* agt. *Tuttle* (7 *Daly*, 105) the general term of the court of common pleas held that under this section, where an undertaking by two sureties fails of approval, because one of the sureties is insufficient, if afterwards a separate undertaking is executed by another surety alone, he is bound, although the former undertaking, by reason of having failed of approval, has become void. Even if, therefore, Runyon W. Martin, notwithstanding the decision of Mr. justice BRADY, is not liable upon the undertaking executed by him, for the reason that it does not appear that there was a formal indorsement of approval upon Martin's undertaking, I do not see why the defendant should be relieved from liability on undertakings which have received, as we have seen, the approval of the court (*See Ward* agt. *Whitney*, 3 *Sand.*, 399; *Shaw* agt. *Tobias*, 3 *Comst.*, 188; *Gottwald* agt. *Tuttle*, 7 *Daly*, 105).

I shall not undertake to consider in this case whether the defendant, under Rule 8 (now Rule 5 of this court), was precluded from becoming a surety on these undertakings, for the reason that, if I am correct in my understanding of the facts, that question was passed upon by the court on the approval of the undertaking; and the defendant is therefore estopped from questioning his liability (*See Gerould* agt. *Wilson*, 81 *N. Y.*, 578).

The case of *Manning* agt. *Gould* (90 *N. Y.*, 476) does not seem to me to be in point, for the reason that it was given

under section 1335 of the new Code, which declares that " if the judge finds the sureties sufficient, he must indorse his allowance of them upon the undertaking, or a copy thereof, and a notice of the allowance must be served on the attorney for the acceptant. The effect of a failure so to justify and to procure an allowance is the same as if the undertaking had not been given." In this case, if I am right, the surety, Runyon W. Martin, appeared and justified, and was approved of by justice BRADY, and the defendant appeared, justified and was approved of by justice DONOHUE.

The case of *Post* agt. *Doremus* (60 *N. Y.*, 371) seems to have rested upon the ground that an actual stay of proceedings by the respondent's attorneys, under a supposition that an insufficient undertaking was legally sufficient, did not constitute a consideration for the undertaking, and that as the appeal was from an order, the provision in the undertaking that " if the judgment as appealed from, &c.," was affirmed, &c., the appellant would pay " the amount directed to be paid by the said judgment," did not cover the affirmance of an order, nor the amount directed to be paid thereby. The criticism was further made in that case, that as the order appealed from named no amount, there was nothing in the order by which the liability of the surety could be measured. I do not regard that case, therefore, as laying down any rule which obliges me to hold that the defendant is exempt from liability upon undertakings into which he has voluntarily entered, and on the faith of which the plaintiffs in this action acted in staying proceedings. As to the case of *Gross* agt. *Bouton* (9 *Daly*, 25), it is sufficient to say that I do not consider it as overruling the well considered decision of the same court in *Gottwald* agt. *Tuttle* (7 *Daly*, 105).

Since the above was written my attention has been called to the opinion of the general term of this department in the case of *Grimwood* agt. *Wilson* (*ante*, 283.) After perusing that opinion I see no reason for departing from the conclusion at which I have arrived. There is a great difference between

the two cases.   In *Grimwood's case* the surety executed the undertaking with the express understanding that it was to be executed also by another surety.    Here there was no such understanding or arrangement, and there were also two sureties, to wit: Martin, who had been approved of by Mr. justice BRADY, and the defendant; and, as we have seen, it was held under the old Code that there might be two separate undertakings (*See* 7 *Daly*, 107, *supra*).

The defendant, I must hold from the evidence, clearly knew the character of the instruments which he was executing. They operated in fact as a stay upon the plaintiff's proceedings, and unless the cases cited in this opinion are to be considered as reversed, he is legally bound to perform the obligation assumed by him.

There must be judgment for the plaintiff for amount claimed.