Lawrence, J.
The order of July 17, 1875, provided for a stay of proceedings on the appellant’s giving undertakings in compliance with sections 334 and 338 of the old Code of Procedure. On the 11th of August, 1875, undertakings were executed in each of the actions by Howard A. Martin and Runyon W. Martin, which undertakings were filed on the 14th of August, 1875. These undertakings were joint and not joint and several. On the 6th of September, 1875, an order was made dismissing the justification of the sureties, and reciting as a ground therefor that the said sureties had failed to appear. The order also recited that the justification had previously been adjourned by stipulation, after the examination of one of said sureties. On the 7th of September, 1875, an order was made requiring the plaintiff to show cause why the order made dismissing the justification of the sureties should not be vacated, and the said sureties allowed to justify, &c., and staying plaintiff’s proceedings in the meantime, and until the further order of the court. This order was obtained upon an affidavit made by James B. Kisseck which stated that on the second day of September, pursuant to notice and adjournment, Runyon W. Martin, one of the sureties, justified, and that on account of the illness of Howard A. Martin, the other surety, the further examination was adjourned until the fourth instant; that on that day the plaintiff’s attorney would not adjourn said examination until longer than the sixth instant; that by reason of the negligence and oversight of a messenger, notice to that effect did not reach the surety, and that on that day, no one appearing to oppose, the plaintiff’s attorney obtained and entered an order dismissing the justification of the sureties, although one surety had already justified. Howard A. Martin was subsequently examined, and on the fourteenth of September Mr. justice Beady, before whom the examination had taken place, *109 filed a memorandum, which was published in the Daily-Register of September fifteen, as follows: liHoward A. Martin is not qualified as a surety. The defendant must produce another, and serve notice of justification within five days from the entry of the order. Justification to be on two days’ notice.” Ho order seems to have been entered upon this decision of Mr. justice Bradt, until the 24th of September, 1875. That order, in substance, recites the decision of the fourteenth of September, and directs the defendant to furnish another surety to the undertakings required in these actions, and to serve notice of justification and to justify within the time specified in said order, and that in default the stay of proceedings be vacated and removed, &c. It is quite clear to me that by the memorandum aforesaid, and his order of September twenty-four, Mr. justice Bradt accepted and approved of Runyon W. Martin as one of the sureties upon the undertakings directed to be given by the order of July 17, 1875. In the meantime, intermediate the filing of the memorandum of Mr. justice Bradt and the entry of the order thereon on the 24th of September, 1875, the defendant, on the 16th of September, 1875, executed and acknowledged the undertakings upon which these actions are brought. ■'His examination was taken on the seventeenth of September, and pinned to the two undertakings, each of which had indorsed thereon these words: “ The within undertaking is hereby approved as to its form and the sufficiency of its sureties. Dated 22d September, 1875.” Only the approval on the outside paper is signed by justice Donohue, but I cannot accede to the proposition that as the examination taken before the notary public is pinned to both of the undertakings, and as the three papers were treated as one, that the omission of the justice to indorse the inner undertaking is to be regarded as an indication that he had disapproved thereof. On the contrary, I am of the opinion that the indorsement of the justice is to be regarded as an approval of both the undertakings, it being quite evident that on the submission of the *110 undertakings and examination the three papers were regarded as one.
I think, therefore, that it is too late for the defendant to object that he never became bound by the undertakings in question. In this connection it should be borne in mind that under section 340 of the old Code of Procedure, the undertakings prescribed by sections 334, 335, 336 and 368 might have been in one instrument or several at the option of the appellant, and it was not necessary, therefore, that Eunyon W. Martin should join in the execution of the undertaking with the defendant. In Gottwald agt. Tuttle (7 Daly, 104), the general term of the court of common pleas held that under this section, where an undertaking by two sureties fails of approval, because one of the sureties is insufficient, if afterwards a separate undertaking is executed by another surety alone, he is bound, although the former undertaking, by reason of having failed of approval, has become void. Even if, therefore, Eunyon W. Martin, notwithstanding the decision of Mr. justice Beady, is not liable upon the undertaking executed by him, for the reason that it does not appear that there was a formal indorsement of approval upon Martin’s undertaking, I do not see why the defendant should be relieved from liability on undertakings which have received, as we have seen, the approval of the court (See Ward agt. Whitney, 3 Sand., 399 ; Shaw agt. Tobias, 3 Comst., 188; Gottwald agt. Tuttle, 7 Daly, 105).
I shall not undertake to consider in this ease whether the defendant, under Eule 8 {now Mule 5) of this court, was precluded from becoming a surety on these undertakings, for the reason that, if I am correct in my understanding of the facts, . that question was passed upon by the court on the approval of the undertaking, and the defendant is therefore estopped from questioning his liability (See Genould agt. Wilson, 81 N. Y., 578).
The case of Manning agt. Gould (99 N. Y., 476) does not seem to me to be in point, for the reason that it was given *111 under section 1335 of the new Code, which declares that “ if the judge finds the sureties sufficient, he must indorse his allowance of them upon the undertaking, or a copy thereof, and a notice of the allowance must be served on the attorney for the exceptant. The effect of a failure so to justify and to procure an allowance is the same as if the undertaking had not been given.” In this case, if I am right, the surety, Eunyon W. Martin, appeared and justified, and was approved of by judge Beady, and the defendant appeared, justified and was approved of by justice Donohue.
The case of Post agt. Doremus (50 N. Y., 371) seems to have rested upon the ground that an actual stay of proceedings by the respondent’s attorneys, under a supposition that an insufficient undertaking was legally sufficient, did not constitute a consideration for the undertaking, and that as the appeal was from an order, the provision in the undertaking that “ if the judgment as appealed from, &c.,” was affirmed, &c., the appellant would pay “ the amount directed to be paid by the said judgment,” did not cover the affirmance of an order, nor the amount directed to be paid thereby. The criticism was further made in that case, that as the order appealed from named no amount, there was nothing in the order by which the liability of the surety could be measured. I do not regard that case, therefore, as laying down any rule which obliges me to hold that the defendant is exempt from liability upon undertakings into which he has voluntarily entered, and on the faith of which the plaintiffs in this action acted in staying proceedings. As to the case of Gross agt. Bouton (9 Daly, 25), it is sufficient to say that I do not consider it as overruling the well considered decision of the same court in Gottwald agt. Tuttle (7 Daly, 105).
Since the above was written my attention has been called to the opinion of the general term of this department in the case of Grimwood agt. Wilson (66 How., 283). After perusing that opinion I see no reason for departing from the conclusion at which I have arrived. There is a great difference *112 between the two cases. In Grimwold's case the surety executed the undertaking with the express understanding that it was to be executed also by another surety. Here there was no such understanding or arrangement, and there were also two sureties, to wit: Martin, who had been approved of by Mr. justice Beady, and the defendant; and, as we have seen, it was held under the old Code that there might be two separate undertakings (See 7 Daly, 107, supra).
The defendant, I must hold from the evidence, clearly knew the character of the instruments which he was executing. They operated in fact as a stay upon the plaintiff’s proceedings, and unless the cases cited in this opinion are to be considered as reversed, he is legally bound to perform the obligation assumed by him.
There must be judgment for the plaintiff for amount claimed.'
Note—The following briefs by counsel in above cases, discussing fully as they do important questions in respect to undertakings on appeal, etc.are deemed worthy of insertion.—Ed.
George O. Coffin and Bobert 8. Green, for defendant:
FIRST, STATEMENT OF FACTS.
Stated in their chronological order the facts material to the argument are as follows:
May 17, 1375, two judgments of foreclosure and sale in two actions were recovered by the plaintiff here against one William R. Martin and another. From these judgments the defendants (Ma/rtin et al.) appealed to the general term. Pending the appeals the appellants desired a stay of proceedings- This not being a matter of right they applied at special term chambers,
The first order material to the case was made July 17, 1875, which granted a stay conditionally, that is to say: Ordered, that on the appellants
(1.) Executing and filing a written undertaking, with two sufficient sureties in each action.
(2.) In the usual form, according to sections 334 and 338 old Code.
(3. Providing especially for deficiency to the amount of $7,500 in each action.
(4.) To be accompanied with affidavit required by section 341.
*113 (5.) And filed, entered and served within ten days.
(6.) Sureties to justify on five days’ notice, then all proceedings to be stayed.
This order is the foundation of the proceedings taken by the appellants in order to procure a stay. They attempted to comply with the conditions imposed, and to that end on
August 14, 1875, filed two undertakings in two appeals. These were joint, executed by Howard A. and Runyon W. Martin as sureties.
August 15, 1875, both sureties were excepted to. An attempt was made to have them justify, and
September 2, 1875, Runyon W. Martin was examined ; Howard A. did not appear, and on
September 6,1875, an order was made and entered dismissing the justification as to both sureties.
September 7,1875, an order was niade requiring the respondent to show cause why the order dismissing the justification should not be vacated and the sureties allowed to justify. It seems that on
September 10, 1875, Howard A. was examined, but Ruynon was not re-examined nor did he re-justify, though the order of September 6,1875, was an absolute dismissal as to both.
September 12, 1875.—A decision was made by judge Brady, and indorsed on the papers, that “ Howard A. Martin is not qualified.”
September 17,_ 1875.— The defendant Townsend executed the separate undertakings sued on.
September 18,1875.—He was examined.
September 22,1875.—Approval was indorsed by judge Donohue on one undertaking only.
September 24, 1875.—An order was entered adjudging Howard A. insufficient, directing that the appellants furnish another surety to the undertakings required, that such surety justify and that on default thereof any and all stay removed as if no undertaking had been given.
The foregoing comprise the entire record so far as material to this issue.
H. Further facts. (1.) The undertakings given by the two Martins were never approved. Ho indorsement of approval appears on either. (2.) The examination of Runyon W. Martin was never completed. (See adjournments noted at the foot of page after his signature on attempted justification.) (3.) Howard A. was absolutely rejected. Ho express approval of Runyon W. anywhere appears on the papers. (4.) Defendant Townsend’s undertaking in action Ho. 2, was never indorsed “approved.” (5.) After rejection of Howard A. Martin no new undertaking was executed by Runyon W. The plaintiff feeling the necessity for his argument of an approval by the judge of Runyon W. Martin as a surety, in order to connect it with Townsend’s undertakings and thus make two sureties, adroitly edged in an oral statement by Mr. WandeU, *114 that said Martin had heen accepted by the court as a surety. This does not appear upon the record, and indeed the dismissal of the justification contradicts it, nor can such a fact be proved aliunde or by parol. The record speaks for itself and shows that he was not approved. (6.) There was in reality but one surety, the defendant here, and the conditions which were pre-requisite to a stay were never complied with. (7.) There is no order granting any stay pending the appeals except that of July 17, 1875, which cannot be relied on by plaintiff because its conditions were not complied with. (8.) The undertakings sued on show on their face that they do not comply with section 338 of the old Code nor with the provisions of the order of July 17, 1875, to wit, there was one surety instead of two, and there is no provision against waste nor for the value of the use and occupation. The distinction must he noticed between an undertaking under section 338, which cannot be given without an order and which depends upon the order, and an undertaking under 334 which provides fully for it without an order. (9.) It cannot be implied in this case that there was any understanding, consent or agreement between the parties by which this undertaking was to be accepted, or upon reliance on which the plaintiff has acted to his prejudice so as to infer that the defects or irregularities in the undertaking were waived. Mr. Wandell, in answer to judge Green, expressly testifies that there was no such agreement between the parties. (10.) The undertaking does not recite that it is given to procure a stay, and it is not claimed by the plaintiff that it is given pursuant to the statute. Therefore no estoppel can be claimed.
III. The case of Manning agt. Gould (90 N. Y., 476, 481), held: “The only object and purpose of the undertaking was to stay the execution of the judgment until the appeal had been heard and determined. The respondent cannot have the dual right to enforce the judgment pending the appeal as if no undertaking had been given and at the same time treat it as valid security for the payment of the judgment.” And further that unless the sureties justify and are approved, and such approval indorsed on the undertakings, the proceedings are not stayed. In Post agt. Doremus (60 N. Y., 371), held, that unless the undertaking effects the object intended, to wit, a stay of proceedings, it is without consideration and void; and further, that in order to create an effectual stay the undertaking must be given pursuant to the requirements of some statute or order granting and directing a stay, or there must be a valid agreement between the parties for a stay. These recent cases in the court of last resort must be held as overruling all earlier cases inconsistent with them. They establish the following rules applicable to this case: 1. Unless the undertaking effects the object intended, to wit, a stay, it is without consideration and void. 2. The stay must be created pursuant to order, statute or agreement, and must be effectual. As matter of fact there was no stay of plaintiff’s proceedings pending the appeals. The order of July 17, 1875, was, so to *115 speak, executory; it was to begin and to take effect in the future, and its operative force depended solely upon compliance with its conditions. What prevented plaintiff, Hooker, at any time after July seventeenth, from insisting upon the sale of the premises? He had full liberty to say, you have not complied with the order; you have not fulfilled the contract, and I will proceed, and nothing could have stopped him. The defects were numerous. 1st. The undertakings did not provide against waste, nor for use and occupation, two exceedingly important provisions going to the very core of the matter—which section 338 of the old Code said must be given in order to a stay. In Halsey agt. Flint (15 Abb. 367); Watt agt. Watt (Id., note); Smith agt. Heermance (18 How., 261), held that these provisions must be complied with (Warring agt. Ayres 12 Abb., 112). What consideration passed to the plaintiff for a waiver of these essential terms? 2d. The order provided for two sufficient sureties — there was in reality but one. The first undertakings were those of the two Martins, Howard A. and Runyon W. Both were required to justify. On September second Runyon W. was examined. The record (see the examination) shows that further examination was adjourned. Runyon W.’s was never completed. On September sixth an absolute order was made dismissing the justification as to both. It was never reopened. Runyon W. never was again examined and signed no new undertaking.' An order to show cause was made on September seventh, but neither that nor the order of September twenty-fourth set aside the absolute dismissal as to Runyon W. Then, on September tenth, Howard A. was examined and adjudged insufficient. Clearly his liability was discharged. Was not Runyon W. also discharged ? It seems to defendant’s counsel that he was, because the undertaking was joint and not several. Suppose Runyon W. Martin had been sued, and his liability upon the instruments signed by him at issue directly, can there be any doubt that this court would dismiss the complaint as to him ? If this question be answered in the affirmative there can be but one result, one conclusion. Under Manning agt. Gould and Post agt. Doremus the complaint must be dismissed as to Townsend. It hardly seems worth while to argue the proposition that upon an ordinary instrument executed by two or more persons without words of severalty their liability is joint. But against such a construction here is urged section 340 of the old Code, providing that the undertakings may be in one instrument or several, and therefore though there be but one instrument, the contract is several as well as joint. Such a construction, it is true, seems to have been held in Gottwald agt. Tuttle (7 Daly, 107), but in Gross agt. Bouton (9 Daly, 25) the general term rendering the decision held precisely the opposite. It does not appear from the report (7 Daly, 107) that the original undertaking by Clapp & Barretta was not a joint and several undertaking. In Wood agt. Fish (63 N. Y., 245) it was held that the liability of sureties was ^ not enlarged by section 340. This case has *116 been followed, Davis agt. Van Buren (72 N. Y., 587), Bandall agt. Sackett (77 id., 480), holding that such undertakings are joint and that upon the death of one his estate is discharged. Plaintiff’s counsel is assumed •to know the law, and he must have been well aware of the effect of Howard A.’s failure to justify. He must have known that such failure let Runyon W. out, and that there was then no surety whatever liable on the undertakings. But there still remains 'another and most serious defect, viz., there was never any approval of Runyon W. Martin as a surety. This brings the case directly within Manning agt. Gould, unless the new Code in the respect of justification and approval differs from the old. Judge Tract, in his opinion in this case, says the new is stronger than the old. What was the old? Section 341 of the old reads: * * * “Unless they * * * justify * * * as prescribed by sections 195 and 196, within ten days thereafter, the appeal shall be regarded as if no undertaking had been given.” Section 195 relates to the appearance of sureties for justification, and section 196 reads: “If the judge shall find the bail sufficient he shall annex the examination to the undertaking, indorse his allowance thereon, and cause them to be filed with the clerk,” * * * &c. Section 1335 of the new Code merely incorporates in one the several provisions of the old relating to the manner of justification and the effect of failure. In substance, though not in form, the provisions of both are the same. But approval has always been regarded as a necessary part of justification (O’Neil agt. Durkee, 12 How., 94; 2 Abb., 338: Gross agt. Bouton, 9 Daly, 25; Archbold’s Pr., 89; Wilson agt. Allen, 3 How., 369). The reason is apparent. The object of the examination is to satisfy the judge of the sufficiency of the surety, and the evidence of such satisfaction is the indorsement.
IV. Up to the 17th of September, 1875, it must be clear to the court that the appellants had utterly failed to comply with the terms of the first order.' Then the undertakings of defendant Townsend were given. In the respect of conforming to section 338 they were equally defective. He was examined; the judge indorsed approved upon the undertaking in action No. 2, but none appears upon that in No. 1. The papers now appear to be pinned together. On one the blank indorsement appears, but both are separately marked, filed September seventeenth. Is it not more reasonable to say that the judge refused to approve but one, than that he intended to approve both, because approval appears on one? A liability of $7,500 is not insignificant, and while the judge might have thought defendant good for $7,500, he might very properly have doubted his sufficiency for $15,000.
V. The undertakings, though given pursuant to an order, derived their force from it and the statute as well. Without an undertaking the appellants’ right of appeal was complete. To obtain a stay an order was necessary. Such order may be made upon such terms as the court deems just {Old Oode, see. 348). And the terms are within the dis *117 cretion of the court. In this case the court incorporated in the order the provisions of sections 334 and 388, the first providing that the undertaking must have two sureties, and the second that the proceedings shall not he stayed unless waste, &c., provided for. By section 339 when these provisions are complied with there is a stay. These provisions are statutory. True, they may be waived, but there must be a definite and complete agreement to that effect (Post agt. Doremus). In Langley agt. Warner (1 N. Y., 606) the word “costs” was omitted; held, that the appeal was ineffectual. In Arnoux agt. Homans (33 How., 382), held, that the omission of the words “ in case the appeal be dismissed ” irregular. It must be conceded that the contingency upon which the stay was to go into effect never happened; the conditions were never fulfilled, and there never was a stay. If there was no stay, there was no consideration for Townsend's undertakings (Post agt. Doremus; Manning agt. Gould; Doolittle agt. Dinningy, 81 N. Y., 350; Roberts agt. Donnell, 31 N. Y., 446).
VII. It is sought to hold defendant upon the ground of estoppel; in other words, because the "premises were not actually sold until after the decision on appeal. Yet the plaintiff Hooker was under no obligation whatever to delay. The same point was raised in Manning agt. Gould and Post agt. Doremus and overruled. A stay comes from an order or agreement (Post agt. Doremus), Mere forbearance in the absence of a definite agreement avails nothing (Atlantic Nat. Bank agt. Franklin, 55 N. Y., 235). Having a perfect right to proceed, the plaintiff lies by and does nothing. Nothing was ever said by Townsend or anybody else to induce him to wait. An estoppel is defined to be an admission or declaration which the law does not permit him who has made it to deny or disprove for his own benefit and to the injury of another (2 Pars. on Cont., p. 787). All the cases upon this point cited by the plaintiff’s counsel are those chiefly arising on replevin bonds or undertakings on attachment, where property has been taken upon the faith of the instrument, yet none of these cases were considered in the leading cases referred to. Undertakings on appeal stand upon a different footing. The statute prescribes the effect of failure to justify, etc., and this furnishes a complete answer to the objection of estoppel. The plaintiff cannot have a daul right to proceed, and at the same time treat the undertaking as valid security. Yet that is just what is claimed here. Surely unless the plaintiff could have enforced his judgments, defendant might be estopped, but the statute emphatically defined the rights of the respondent. Bates agt. Merrick (2 Hun, 568) is not in point, for the question arose in demurrer to the complaint which averred a stay (Hill agt. Burke, 62 N. Y., 111; Decker agt. Anderson, 39 Barb., 346). Actions on undertakings in replevin are distinguished in Manning agt. Gould, which expressly states that undertakings in replevin are not analogous. Warner agt. Ross (9 Abb. H. C., 335), only follows the decision in Board of Education agt. Fonda (77 N. Y., 330), and lays down no new rule. The *118 latter case holds there was a good consideration for the bond and hence it was valid, though not in the form of the statute.
VIII. Interest is not recoverable (Brainerd agt. Jones, 18 N. Y., 35; Hamilton agt. Van Rensselaer, 43 N. Y., 244; Beers agt. Shannon, 73 N. Y., 304), in the absence of proof of special damage.
IX. As to the point of hardship. The law is clear that the contract of suretyship is to be strictly construed (Rae agt. Beach, 76 N. Y., 169). This action was begun in 1877, and from that time to the month of February, 1883, it lay dormant, until Mr. Townsend thought it absolutely dead. From the date of the giving of the undertakings is over eight years. Why has plaintiff delayed? In such a length of time many changes occur. Shall plaintiff now, after such laches, be heard to complain of hardship? If it exist, clearly Townsend is the sufferer.
The complaint should be dismissed.
Townsend, Wandell and Edwa/rd 8. Clinch, for plaintiff;
Action upon two undertakings given by the defendants in two actions of Hooher agt. Ma/rtin upon an appeal by defendants from a decree of foreclosure.
The proceedings in the two actions were carried along together and the following is a record of them;
May 19, 1875.—Judgments of foreclosure.
July 17, 1875.— Order providing for a stay of proceedings, under the judgments on appellants giving undertakings, in compliance with sections 334 and 338 of the Code of Civil Procedure.
August 14, 1875.— Notices of appeal given.
August 14, 1875.— Undertakings by Howard A. Martin and Runyon W. Martin.
September 6, 1875.— Order dismissing justification because of failure of Howard A. Martin to appear for examination, Runyon W. Martin having been examined.
September 7, 1875.—Order that plaintiff show cause why Howard A. Martin and Runyon W. Martin should not be allowed to justify.
September 10, 1875.—Howard A. Martin examined as a surety, and undertakings on which he and Runyon W. Martin were sureties submitted to justice Brady for his decision.
September 14, 1875.—Decision of Mr. justice Brady that Howard A. Martin was insufficient and requiring appellants to produce one other-surety in his place. Runyon W. Martin accepted and form approved.
September 17, 1875.— Defendants’ undertakings executed and filed. Defendant examined as a surety and undertakings approved as to form and sufficiency of surety by Mr. justice Donohue.
September 24, 1875.—Order entered under decison of justice Brady, of September fourteenth, rejecting Howard A. Martin as surety.
April 7, 1877.— General Term judgment of affirmance.
*119 May 4,1877.—Referee’s report of sale. Notice of filing reports and of motion to confirm.
June 5, 1877.— Order confirming reports and directing docket of judgment for deficiency. Notice of entry of judgment of affirmance, and of order confirming report and directing docket of judgment.
May 23, 1877.—Executions on judgments for costs.
June 7, 1877.—Executions on judgments for deficiency.
POINTS.
The defenses set up by answer are: First. That the defendant is an attorney at law, and for that reason cannot be held as a surety. The evidence on the point is that of Mr. Wandell who testified that he knew the defendant, but did not know that he was an attorney in active practice at the time the undertakings were given, and the justification of the defendant, which shows that the defendant testified that he had not been in active practice within a year preceding his justification. But attorneys at law may be held as sureties. Their attorneyship is a privilege which they may assert for their own protection and which they may waive (Wilmont agt. Meserole, 48 How., 430; Evans agt. Harris, 47 Supr., 386). The second defense is (10th paragraph): That the undertaking in action No. 1 was never approved by a justice of this court. The evidence is that the two undertakings and the justification were fastened and filed together with the undertaking in action No. 2 on the outside, and the approval of the judge is indorsed on the outside wrapper. The third defense is: That the undertakings of the defendant did not comply with the order of July 17, 1875, providing for a stay of proceedings in the foreclosure actions upon the execution of undertakings that neither Howard A., nor Runyon W. Martin qualified or was approved as a surety. That on September 10, 1875, Howard A. Martin was examined as a surety and adjudged insufficient, and that on September seventeenth, defendant executed the undertakings on which this action is brought, and that on September 24, 1875, the order was made under Mr. justice Brady’s decision rejecting Howard A. Martin as a surety, and by virtue of these proceedings (14th paragraph of answer) the proceedings of the respondents on said appeals (?) were never stayed by the undertakings of defendant. It will be noticed that many of the facts alleged under this defense are disproved by the evidence, and that the only questions raised by the counsel for the defendant left for the decision of the court are questions of law. I. Did the undertakings given by Runyon W. Martin and the defendant Townsend comply with the order of 17th July, 1875 ? The order directed the defendants who appealed to give a written undertaking with two sufficient sureties “in each of these actions in the usual form, in compliance with the requirements of sections 334 and 338 of the Code of Procedure, and specially providing for the payment of any deficiency to arise upon the sale of the mortgaged prem *120 ises, pursuant to the judgments herein, to the amount of seven thousand five hundred dollars in each of said actions Nos. 1 and 2.” Pursuant to this order the appellants gave an undertaking with Runyon W. Martin and Howard A. Martin as sureties. Runyon W. Martin was examined as a surety, and the examination of Howard A. Martin was adjourned to 6th September, 1875. Hailing to appear on this day the justification of both sureties was dismissed. On 7th September, 1875, an order was obtained requiring plaintiff to show cause why both sureties should not be allowed to justify, and then under this order Howard A. Martin was examined as a surety, and on the tenth the sufficiency of the undertakings and of the sureties, Runyon W. Martin and Howard A. Martin, was submitted to Mr. justice Brady for his decision, and he approved the form of the undertaking and the sufficiency of Runyon W. Martin (see his decision and the testimony of Mr. Wandell), hut required appellants to produce another surety in the place of Howard A. Martin. In this decision of Mr. justice Brady we have an adjudication that the form of the undertaking was sufficient; in other words, that the undertaking as to form complied with the order that permitted it to be given, a decision binding on the appellants, on the respondent and on the surety, who was approved. The decision of Mr. justice Brady was filed 14th September, 1875, but the order under it was not entered until the twenty-fourth. No weight should be given to the proposition of defendant’s counsel that because this order was entered after the defendant gave his undertakings, the latter was released from his obligations. On the 17th September, 1875, the defendant’s undertakings were filed by which the defendant undertook: 1st. That the appellants would pay all costs and damages that might be awarded against them on said appeal not exceeding $500 {Sec. 334, Code). 2d. In the further sum of $7,500 that if the said judgments or any part thereof were affirmed the appellants would pay any deficiency arising upon the sale of said premises {See. 338). The defendant was examined as a surety and the question whether his undertakings complied with the order of July 17, 1875, and the sufficiency of the defendant as a surety were submitted to Mr. justice Donohue for his decision and he decided that the undertakings did comply with the order of July 17,1875, and that the surety was sufficient. His decision, indorsed on the outside wrapper of the two undertakings and the justification, is in these words: “ The within undertaking is hereby approved as to its form and the sufficiency of its surety. Dated 22d September, 1875. Chas. Donohue, J. S. O.” Here there is a second adjudication as to the form of the undertaking, binding until reversed, upon all interested parties, and it is submitted that the court at circuit will not review these adjudications. But the defendant says that Runyon W. Martin was released because his co-surety Howard A. Martin was not approved, and therefore the defendant is not bound. To this the plaintiff answers: 1st. The court at chambers has decided that the undertakings of Runyon W. Martin *121 and of Townsend comply with the order of 17th July, 1875, and that means that as that order required two sureties, so two sureties are furnished on two bonds. 2d. Under section 840 of the Code of Procedure undertakings could be in one or more instruments (Gottwald agt. Tuttle, 7 Daly, 105). 3d. Undertakings could, under the old Code, be either joint or several in form (Wood agt. Fisk, 63 N.Y., 248-9). 4th. The defendant is liable on his undertakings, even if Runyon W. Martin is not liable on his, and the defendant would be if no other undertakings had been given. Because: (a.) The provision for two sureties is for the benefit of the respondent, and if he waive one the bond is not invalidated (Ward agt. Whitney, 3 Sandf., 399; Shaw agt. Tobias, 3 N. Y., 188; Gottwald agt. Tuttle, supra), (b.) Should the court review the decisions of justices Brady and Donohue as to the form of the bonds, and come to the conclusion that the bonds of defendant do not comply with the order of 17th July, 1875, the defendant may still be held liable as on a common law bond (Werner agt. Ross, 9 Abb. New Cases, 385, 390; Decker agt. Judson, 16 N. Y., 442). (c.) Should the court hold that the undertaking was not in the form called for by the Code or the order of 17th July, 1875, yet as it secured the end for which it was given, and stayed proceedings, the sureties are liable (Chamberlain agt. Applegate, 2 Hun, 510; Hill agt. Burke, 62 N. Y., 111; Gibbons agt. Berhard, 3 Bosw., 638; Gerould agt. Wilson, 81 N. Y., 578). The defendant also says that there was no consideration for his bonds, because as a matter of law the proceedings under the judgments of foreclosure were not stayed by his and Runyon W. Martin’s undertakings. The court, at chambers, thought differently when it approved the form of the undertakings of Runyon W. Martin and of the defendant, and Mr. Wandell says the proceedings were in fact stayed. After justices Brady and Donohue had decided that Runyon W. Martin and Townsend were sufficient sureties and that the undertakings were in proper form, could the plaintiff, because he might be of a different opinion, enforce his judgment ? Would he not be guilty of a contempt of court should he do so? Is it not more reasonable to regard the decisions of justices Brady and Donohue as adjudications binding upon the appellants, the respondents and the sureties? If they cannot be so regarded and treated as final adjudications the anomaly is presented of a decision binding upon the respondent because no appeal from the allowance of an undertaking can be taken, but not binding on the appellant or his surety. But the proceedings were stayed the moment the undertakings were given, and the stay was continued when the undertakings were approved as to form and the sureties as to sufficiency. Why, after the respondent had objected to the form of the undertakings and the sufficiency of the sureties, was the question of form and sufficiency presented to the court if it was not to procure a decision on the questions of form and sufficiency, that the respondent might prosecute his judgments, if the decisions were in his *122 favor, and the appellants stay its prosecution if the decision were in their favor. As a matter of fact the proceedings having been stayed, because the defendant gave his undertakings, it is really of no importance to consider whether the appellants were on the undertakings legally entitled to a stay. The stay was obtained by virtue of the undertakings, and that was a consideration (Coleman agt. Bean, 32 How. Pr., 380 [Ct. of App.]). The defendant is estopped contradicting any recital in his undertakings (Coleman agt. Bean, 32 How., 370; 1 Abb. Ct. of App. Cases, 394; Bank of U. S. agt. Housman, 6 Paige, 535; Diossy agt. Morgan, 74 N. Y., 11). The defendant having executed the undertakings and given them as valid and complete instruments, and the respondent having been delayed in the p :osecution of his judgments by reason thereof, the undertakings are valid and binding on defendant (Russell agt. Freer, 56 N. Y., 67). In Shaw agt. Tobias (3 N. Y., 192), the court said: “But after the plaintiff has obtained possession of the property in dispute by acting on the bond as a lawful and valid security, neither he nor his surety ought to be permitted to get rid of it by alleging that it is not as strong or as perfect as the respondent might have required him to make it. It is enough that it contains all the essentials of a valid contract and answers all the purposes intended by the statute.” If the undertakings do not comply with the terms of the order or of the statute, that fact will not avail the surety, for “ the substance is looked for more than the form, even though it be a surety that is to be held ” (Gerould agt. Wilson, supra, 81 N. Y., 578; Ring agt. Gibbs, 26 Wend., 502). The court held on the trial that both the defendant’s undertakings were approved, they having, with the written examination, been filed together and Mr. justice Donohue having indorsed his decision upon the outside wrapper. The approval under the old Code was not necessary to give validity to the undertakings. The approval was for the benefit of the respondent and might be waived by him (Gopsill agt. Decker, 4 Hun, 625; Ballard agt. Ballard, 18 N. Y., 491; Decker agt. Anderson, 39 Barb., 346). The plaintiff is entitled to recover interest on the penalty of the undertakings from the time the liability accrued (Purdy agt. Phillips, 11 N. Y., 406; Emerson agt. Booth, 57 Barb., 40; Brainerd agt. Jones, 18 N. Y., 35; Code Civil Proc., sec. 1915). And the interest recoverable is to be computed at the rate of seven per cent to 1st January, 1880, and thereafter at six percent (Rouse agt. Northern Ins. Co., 12 Weekly Dig., 85; Dows agt. Kidder, 3 Law Bull., 62; Little agt. Banks, 85 N. Y., 267). Judgment should be ordered for the plaintiff for the amount of costs, §228.23, with interest from 7th April, 1877,and for the penalty of the two undertakings, $15,000, with interest from 4th June, 1877.
Cases Cited by Defendant’s Counsel.
Manning agt. Gould (90 N. Y., 476). The undertaking in this case was given under the Code of Civil Procedure, which expressly provides (Sec. 1335) that a “ failure to justify and to procure an allowance is the same as *123 if the undertaking had not been given.” The question before the court was (p. 479) “ whether the sureties to an undertaking given on appeal to the general term of the supreme court or of a superior city court, when excepted to, and they fail or refuse to justify, and justification is not waived by the respondent, are nevertheless bound by the conditions of their undertakings. ” That is not this case, because the surety here did justify and was approved (Post agt. Doremus, 60 N. Y., 371). On an appeal from an order granting a new trial the appellants gave an undertaking which provided that “if the judgment so appealed from” was affirmed, the appellant would “ pay the amount directed to be paid by said judgment.” The court of appeals held that as no judgment had been appealed from, no liability could attach because of this provision in the undertaking, and it is this part of the undertaking that is discussed in the opinion of the court. There is nothing in the whole opinion inconsistent with plaintiff’s right of recovery herein, but on the contrary there is a plain indication of the opinion of the court that if a respondent is compelled by the action of the court, in respect to an undertaking, to refrain from any action, the surety on the undertaking is liable (Gross agt. Bouton, 9 Daly, 25). In this case it appeared that the appellant in four actions had given undertakings on appeal, with the defendants B. and 0. as sureties. B. justified, 0. did not. An order was then made that the appellant be allowed to substitute a new surety in place of C., and that new undertakings should be executed. The appellant filed new undertakings with new sureties who justified, and the new undertakings were approved by the justice. The undertakings executed by B. and 0. wore not presented to the justice for approval, and the sufficiency of B. and 0. was not passed upon. This action was brought against B. and O. upon the undertakings executed by them, and it was held that the action would not lie. There seems to be no analogy between this case and the one at bar. If it shall be thought that the expressions in the opinion of Mr. justice Van Brunt in this action are inconsistent with the opinion of the general term in Gottwald agt. Tuttle (7 Daly, 105) it is proper to observe that the opinion of Mr. justice Van Brunt in Gross agt. Bouton is not concurred in by justices Daly and L arrbmore, but that they concur simply in the result of his conclusions, and that his decision at special term in Gottwald agt. Tuttle was reversed by the general term (Halsey agt. Flint, 15 Abb. Pr., 367). In this action the defendants had given an undertaking upon appeal to pay all costs and damages whichmight be awarded against the appellant, not exceeding §250. An undertaking to stay proceedings under the judgment was not given, and the court held that the sureties were liable only for the costs on the appeal and not for the interest on the judgment appealed from. In its opinion the court remarked: “ It is not probable that it (the undertaking) was understood on either side as designed to effect a stay of proceedings.” The attention of the court is called to that part of the opinion which holds that if the undertaking were intended as *124 a stay of proceedings all parties would be bound by it as such. The court say (p. 370): “I am inclined to think that if it were obvious that the undertaking was intended as a stay of proceedings, and was defective only in some slight particulars, the omission to object to it or to disregard it until after judgment in the appellate court would be regarded as tantamount to an acceptance of the undertaking as a stay of proceedings, and that both parties would be bound by it as such.” The court did not apply the rule in that case because: 1st. It was not sufficiently obvious that the undertaking was intended as a stay of proceedings. 3d. There was no evidence that the respondent treated it as intended, as a stay of proceedings (Watt agt. Watt, 15 Abb. Pr., 367, note). In this case the defendant moved, in an action for the foreclosure of a mortgage, for a stay of proceedings on an appeal to the court of appeals upon a proposed undertaking to pay all costs and damages not exceeding $350. The court held this undertaking not sufficient to stay proceedings and directed an undertaking to be given under section 338. There is nothing in this case pertinent to the questions at issue in the action at bar.
Judgment should be ordered for the plaintiff.